## ATLANTIC AND BIRMINGHAM RAILROAD COMPANY
## v. SEABOARD AIR-LINE RAILWAY.

1. Where a railroad company was chartered by the legislature but the charter gave it no power to condemn a right of way over the track of another railroad company, and where subsequently it made application to the proper authority to amend its charter in certain specified particulars and also to adopt the provisions of the general railroad law of this State, " as far as applicable," and such application was granted, section 2167 of the Civil Code, giving the right to acquire a right of way over the track of another railroad company by condemnation, became incorporated into its charter, although under the original charter such right of way could be acquired only by contract, lease, or purchase.
2. Such company has, however, no right or power to cross the track of another railroad company without first acquiring such right or power and paying such just compensation therefor as may be fixed by contract or by condemnation proceedings instituted under the law enacted for that purpose.
3. Where such railroad company is about to cross the track of another railroad company without having acquired the right to do so, it is proper to grant an injunction at the instance of the latter company ; but it is error for the court to provide in its order that the defendant company may cross the track of the plaintiff upon condition that it put in a certain described system of switches. The defendant should be enjoined from making the crossing until it has acquired a legal right to cross.

Argued October 6, — Decided October 29, 1902.

Injunction. Before Judge Littlejohn. Dooly superior court. July 14, 1902.

*J. L. Sweat,* for plaintiff in error.
*J. Randolph Anderson,* contra.

SIMMONS, C. J. An equitable petition was filed by the Seaboard Air-Line Railway to enjoin the Atlantic & Birmingham Railroad Company from crossing its tracks in the City of Cordele at a point which was, the plaintiff alleged, " within so short a distance from the passenger station" it had established in that city "as to make it impossible for petitioner's trains to stop at said station without lying across and obstructing the proposed track of said Atlantic & Birmingham Railroad Company." It was further alleged in the petition, (1) that, "should said crossing be permitted, petitioner could not handle its trains at said passenger-station without constant danger to the same and to the traveling public thereon from trains of said Atlantic & Birmingham Railroad Company, and that the safety, value, and use of petitioner's said station would be de-

stroyed;" (2) that said company had not secured from petitioner "any right by contract to make the said crossing," or "by condemnation or other legal means obtained the right to make such crossing;" and (3) that it was "not necessary that the tracks of said Atlantic & Birmingham Railroad Company should be allowed to cross the tracks of petitioner at the point selected by them, but that other and more suitable points of crossing could have been selected, and can be selected, and which would work less damage to petitioner, and which would not involve such great and constant danger to trains and to the travelling public." The defendant company filed an answer in which it admitted that it had not by contract or by condemnation proceedings acquired any right to cross the tracks of the plaintiff, but denied that the proposed crossing at the point in question would result in the injury apprehended by the latter, and alleged "that the point of the proposed grade crossing aforesaid is the only feasible, practical one to be made." A hearing was had in the court below, resulting in the grant of an injunction, and the defendant company excepted.

1. In view of the pleadings and the evidence upon which the case was submitted to the trial judge, and of the comprehensive scope of the order passed by him, the main question presented for our determination is whether or not the Atlantic & Birmingham Railroad Company has corporate authority to exercise the power of eminent domain, and thereby acquire a right to construct the proposed crossing. It is the legal successor to the Waycross Air-Line Railroad Company, which obtained a special charter from the General Assembly in 1887, wherein provision was made that it might, "by contract, lease, or purchase," secure the privilege of using a portion of the right of way of any other railway company, when necessary and proper. See Acts of 1887, p. 230. No power to condemn the right of way of another company was, however, conferred upon the Waycross Air-Line Railroad Company by the terms of that act. Subsequently that company presented to the secretary of State a petition to have its corporate name changed to that of the Atlantic & Birmingham Railroad Company, and in its petition also specifically asked that it be granted leave to extend its road from Cordele to Birmingham, and that it be allowed "to adopt the provisions of the general law of said State of Georgia, as far as applicable, contained in the article relative to corporate powers of

railroads, embodied in the Code of 1895, and amendments thereto."
This application was granted by the secretary of State; so the sole
inquiry is: did the Atlantic & Birmingham Railroad Company thus
have conferred upon it the right to acquire by condemnation pro-
ceedings an easement over the right of way of another company,
if necessary in order to extend its line from Cordele to Birmingham?
We think it did.    Under the Civil Code, § 2167, the provisions of
which constitute a part of what is known as the " general railroad
law " of this State, a railroad company duly incorporated thereunder
has the right (subject, of course, to the duty of " first making com-
pensation for the damages which will result"— *Georgia Midland
R. R. Co.* v. *Columbus Southern Ry. Co.*, 89 *Ga.* 205) to " cross, in-
tersect, or join or unite its railroads with any railroad heretofore or
hereafter to be constructed, at any point in its route "; and section
2178 expressly provides that any railroad company heretofore in-
corporated by act of the General Assembly may, by filing a peti-
tion with the secretary of State, ask for and obtain leave to adopt
the provisions of the general law for the incorporation of railway
companies.    When, then, the Waycross Air-Line Company was
granted leave to change its name to the Atlantic & Birmingham
Railroad Company and adopt the provisions of the " general rail-
road law," in so far as such provisions were applicable, it was no
longer limited by the terms of its original charter with respect to
acquiring an easement over the right of way of another railroad
company, but became vested with power to acquire by condem-
nation the right to cross the lines of other companies.

2, 3.    Since it affirmatively appeared from the answer filed by
the defendant company that it had not, either by contract or by
condemnation proceedings, acquired any right to cross the track
of the plaintiff, we uphold the judgment of the court below grant-
ing an injunction.    We can not, however, altogether approve the
order passed by the trial judge; for he therein provided that "if
the Atlantic & Birmingham Railroad Company will, at its own
expense, put in, maintain, and operate at said crossing an inter-
locking and derailing system or plant of some standard and ap-
proved pattern, such as is used to prevent danger of accidents and
collisions on railroad-crossings, to properly guard and protect the
said crossing or crossings and to render the same safe, as far as
may be, then this injunction be modified, and said defendant com-

pany be permitted to proceed to cross with its tracks the tracks of the plaintiff company, the Seaboard Air-Line Railway, at the point proposed, upon the said defendant company giving bond to the said plaintiff company, its successors and assigns, in the sum of twenty thousand dollars ($20,000.00), obligating itself to main-tain and operate the said interlocking and derailing plant, when put in, so long as it shall use said crossing or crossings at said point." There is no provision of law of which we·are aware which authorized the court to impose any such terms upon the defendant company, or to permit it, were it willing to comply therewith, to cross the line of the plaintiff without first acquiring a right to do so either by contract with it or by virtue of legally instituted con-demnation proceedings and the payment of just compensation, as provided for by the Civil Code, §§ 4657 et seq. Accordingly, we have given direction that the order passed by his honor below be so amended as to leave the defendant company free to proceed in a legal way to acquire the right, which it now does not have, to cross the tracks of the plaintiff, the injunction granted to remain effective until such right has been in a proper way secured, and the privilege of crossing without the consent of the latter upon establishing an "interlocking and derailing system" being at once withdrawn.

*Judgment affirmed, with direction. All the Justices·concurring, except Lumpkin, P. J., absent.*