TOWN OF POULAN *et al. v.* ATLANTIC COAST LINE RAILROAD COMPANY.

1. The affidavits sent up with the record and purporting to have been used as evidence on the hearing of the application for injunction can not be considered, not being identified in any way by the judge as having been so used.

2. Where a railroad company acquired the fee in land which was afterwards embraced within the limits of an incorporated town, and constructed a railroad over such land, the municipal authorities could not, without the payment of compensation to the company, construct a street crossing and extend a street over its right of way and track; and where an attempt was made to do so, an injunction was properly granted.

3. Power delegated by the State to a municipal corporation to "condemn property for the purpose of laying out new streets and alleys, and for widening, straightening, or grading, or in any way changing the street lines and sidewalks of said town," is sufficiently broad to authorize the condemnation of so much of the right of way of a railroad company as may be necessary for the construction of a street crossing and the exten · sion of a street over such right of way.

4. The act approved August 4, 1904, amending the charter of the Town of Poulan, and conferring upon it power to condemn private property for the laying out of streets, is not subject to the constitutional objections that. it contains matter in the body of the act different from what is expressed in the title, and amends a law by mere reference to its title. Nor is such act unconstitutional because it fails to provide a method for assessing the damages to be paid the owner of property condemned. The general law furnishes the method for making such assessment.

5. The decision of a municipal corporation, to which the general power has. been delegated to lay out streets, that a street at a given point is necessary for the welfare of the inhabitants of the municipality, will not be interfered with by the courts, unless there has been a palpable abuse of the. discretion vested in the municipal authorities, or manifest injustice and oppression be shown.

6. The facts alleged in the petition do not show that the use of a part of the right of way of the railroad company for the street and crossing will be

so inconsistent with the use to which the company has already devoted it as to authorize a court of equity to enjoin the municipal authorities from instituting condemnation proceedings.

Argued June 19, — Decided August 2, 1905.

Injunction.    Before Judge Spence.    Worth superior court. April 24 1905.

The Atlantic Coast Line Railroad Company filed a petition for an injunction against the Town of Poulan and its municipal officers. The material facts as set out in the petition are substantially as follows: For more than twenty years the plaintiff and its predecessors in title have been in the complete, exclusive, and adverse possession of a line of railroad through territory now within the limits of the Town of Poulan. In 1897 the Brunswick and Western Railroad Company, in order to confirm its title, obtained a deed conveying to it a right of way through the limits of the present Town of Poulan, together with other adjacent lands, covering a strip measuring one hundred feet from the center of the track of the railroad company each way. The plaintiff obtained title to this strip from the grantee of the railroad company above named, and holds the same in fee. In March, 1905, the mayor and council of Poulan undertook, without the knowledge or consent of the plaintiff, and without any notice to it, and without proceeding to condemn, to put a crossing over the track of the plaintiff, bridging a ditch on the side of the track, at the foot of where Hunton street would cross the railroad, and extending that street through the plaintiff's land to a named creek. When the work of building the crossing was partly finished, agents of the plaintiff were proceeding to restore the property to its original condition, when they were arrested by the municipal authorities and confined in the city prison, and, after a trial, fines were imposed upon them. Several years before the town was incorporated, the plaintiff selected a convenient site for a depot and erected a depot thereon upon its right of way, and has since put in a side-track on the opposite side of the depot from the main line. At the time the depot and side-track were constructed there were two street crossings over the railroad within two blocks of each other, both of which were convenient and accessible to all parts of the town. Since that time Hunton street has been opened down to and against the railroad on the

north side, and this street is the main thoroughfare to and from
the depot and yards.    This is the point where most of the neces-
sary shifting of cars takes place to and from the side-track.    The
·depot is only about fifty feet away from the proposed crossing,
and it would be very inconvenient and dangerous to allow such
·crossing to be constructed.    The uses to which the town authori-
ties design to put this crossing are inconsistent with the use to
which the plaintiff has already appropriated the land.    The de-
fendants have given notice that they will proceed to condemn the
property of the plaintiff for the aforesaid crossing, claiming the
power to do so under an act amending the charter of the town,
·approved August 4, 1904.    This act is unconstitutional, because
there is nothing in the title to indicate what is contained in the
body of the act; it refers to the act sought to be amended only
by name; there is no description of the law sought to be amended,
·either in the title or the body of the amending act; and the act
·does not provide a method for ascertaining the amount of dam-
·ages resulting from the condemnation.    The plaintiff has, at great
expense, arranged to use and has appropriated the land at the
point where the crossing is to be constructed for depot grounds,
not only with a view to present necessities, but with a view to
increased business and additional tracks in the future; and the
use of the crossing by the town involves the practical extinguish-
ment of the former use to which the plaintiff has appropriated
the land at that point.    The plaintiff has no complete and ad-
·equate remedy at law.    The prayers were, that the defendants
be enjoined from in any manner interfering with the plaintiff in
its complete enjoyment and use of the land, right of way, track,
and other property at the proposed street crossing as heretofore,
·or from interfering with the plaintiff in removing whatever part
of the crossing has already been put down, and in restoring the
track and grounds to their original condition before the acts of
the defendants herein complained of; that the defendants be also
·enjoined from instituting condemnation proceedings under the act
of 1904; and for general relief.    A restraining order was granted,
·and at the hearing the defendants showed, for cause against the
·granting of the injunction, a demurrer, an answer, and affidavits
·of various persons.    The court granted an order that " the injunc-
:tion do issue as prayed, until the final hearing of this cause, en-

joining and restraining the said defendants from in any manner seeking to open Hunton street south of the track of the complainant, upon all of the grounds alleged and relief prayed for in plaintiff's petition." The defendants excepted.

*Payton & Hay,* for plaintiffs in error.

*Kay, Bennet & Conyers* and *Perry & Tipton,* contra.

COBB, J. 1. The bill of exceptions specified, as necessary to an understanding of the case, to be transmitted with the record, the affidavits of various persons; and the record contains numerous affidavits which it is claimed were used at the hearing. There is, however, nothing to identify these affidavits as having been so used. None of them are incorporated in the bill of exceptions or identified by the judge. Under such circumstances it is settled that this court can not consider the affidavits in determining the questions raised in the case. *Sayer* v. *Brown,* 119 *Ga.* 539 (1). As the judge granted the injunction prayed for, in passing upon the question whether he erred in so doing the allegations of the petition must be taken as true.

2. The order granting the injunction was as broad as were the prayers of the petition. The first question to be determined is whether or not there is error in so much of the order as restrained the defendants from proceeding to build the crossing without the institution of condemnation proceedings or the making of any arrangement with the plaintiff for compensation. This question may be briefly disposed of. The petition distinctly alleges that the plaintiff is the owner of the fee in the land over which the street is proposed to be extended, and that its title was acquired before the Town of Poulan was incorporated, the act of incorporation having been passed in 1899. Acts 1899, p. 265. This being so, it was not competent for the town to construct a street crossing over the land of the plaintiff without making provision for compensation for the damage thus inflicted upon it. *Mayor of Savannah* v. *Shell Road Co.,* 88 *Ga.* 342, 95 *Ga.* 387; *Atlantic R. Co.* v. *S. A. L. Ry.,* 116 *Ga.* 412; *Ga. R. Co.* v. *Union Point,* 119 *Ga.* 809, 815, and cit. The act of the defendants in endeavoring, against the consent of the plaintiff, and without instituting condemnation proceedings, to construct a street crossing over the company's property was clearly illegal,

and the judge properly granted an injunction to prevent the completion of such act.

3. A general authority to a municipality to lay out, widen, straighten, or change streets includes the power to construct a street crossing across a railroad track in the city.   *Trustees* v. *Atlanta,* 93 *Ga.* 468; 1 Lewis on Eminent Dom. § 266; Elliott on Roads & Streets, § 221; 2 Dill. Mun. Corp. (4th ed.) 689, note 1.   This power can not, however, be exercised against the consent of the railroad company, unless the further power is given the municipality to condemn so much of the property of the company as may be necessary for such use.   The act of August 4, 1904, amending the charter of the Town of Poulan, was entitled " An act to amend the charter of the Town of Poulan, and for other purposes."   It was provided in section 2 of the act that the town council should " have full and complete control of the streets and sidewalks, alleys and squares of the town, and shall have full power and authority to condemn property for the purpose of laying out new streets and alleys, and for widening, straightening, or grading, or in any way changing the street lines and sidewalks of said town."   The power thus conferred is certainly sufficiently broad to authorize the construction of a street crossing over the plaintiff's property, if the act is not subject to some constitutional objection.

4. The objection raised to the title of the act is without merit. An act to amend an act incorporating a named town is sufficiently broad to cover any enactment germane to the general subject of incorporating a town.   *Mayor of Macon* v. *Hughes,* 110 *Ga.* 795 (1); *Dallis* v. *Griffin,* 117 *Ga.* 411, and cit.

A further objection was made that the act of 1904 was obnoxious to the constitutional provision (Civil Code, § 5779) prohibiting the passage of an amendatory law which merely refers to the title of the law to be amended.   The title of the amending act refers to the charter of the Town of Poulan, and the first section of the act describes the act to be amended as " an act incorporating the Town of Poulan, in the county of Worth, approved December 21, 1899."   This is a sufficient identification of the act sought to be amended.   *Welborne* v. *State,* 114 *Ga.* 794 (7), 821.

It is also insisted that the act is unconstitutional, because no method of ascertaining the damages is provided, and no provision

is made that they shall be paid before the property is taken or damaged. When the State delegates to another the right to condemn property for a public use, and does not in the act delegating such power provide a method for its exercise, the general law of the State prescribing the procedure and the method of ascertaining the damages is by implication a part of the law delegating the power, and must be pursued when property of another is sought to be taken or damaged. *Marietta Chair Co.* v. *Henderson*, 121 *Ga.* 399 (5). As the time when payment is to be made is not stated in the act, it is necessarily to be inferred that the General Assembly intended that the constitutional requirement that the damage should be *first* paid should be complied with.

5. It is next contended that it was not necessary to the welfare of the inhabitants of the Town of Poulan that the track of the railroad company should be crossed by a street at the point where the crossing was proposed to be constructed. The general rule is that " private property can not be taken for public use unless there is a necessity for such taking; for the taking of property when not at all necessary for a public purpose, or the taking of more property than is necessary for a given public purpose, is in effect a taking for private use." *Atlantic Railroad Co.* v. *Penny*, 119 *Ga.* 481 (2). The State can determine the necessity for the taking, and the courts will not interfere. If the State delegates to a municipal corporation the right to judge of the necessity, the courts will not generally control its decision. Matthiessen Refining Co. *v.* Jersey City, 26 N. J. Eq. 247 ; Curry *v.* Trustees, 15 Ill. 320 ; Methodist Prot. Church *v.* Baltimore, 6 Gill, 391. A general grant of authority to control streets and sidewalks, and lay out, open, widen, etc., streets and sidewalks, does not vest in the municipal corporation the exclusive power to decide the question of necessity, but its decision is, under some circumstances, subject to review by the courts. The decision of the question is, however, in the first instance vested in the municipal authorities, and is one addressed to their sound discretion. This discretion will only be controlled by the courts when there has been a palpable abuse of it; or, as intimated in one case, where "the case shows manifest injustice, oppression, and gross abuse of power." Dunham *v.* Hyde Park, 75 Ill. 371. See also, on this subject, 1 Smith's Mod. Law Mun. Corp. §§ 701,

702; 27 Am. & Eng. Enc. Law (2d ed.), 105; Elliott on Roads & Streets (2d ed.), §§ 189, 345; 2 Dill. Mun. Corp. (4th ed.), § 601. The allegations of the petition make a case where the extension of the street will be greatly to the inconvenience of the plaintiff and possibly of little benefit to the inhabitants of the town. But these allegations do not present a case of such a palpable abuse of discretion that a court of equity ought to interfere by injunction to prevent its exercise.

6. Finally it is claimed that the construction of the crossing would be an appropriation of the land of the plaintiff to an inconsistent use from that to which the railroad company had previously devoted it; that the company would be practically deprived of the use of its property; and that such an appropriation can not be made by the town without express legislative authority to make the particular appropriation sought to be made in this case. The case of *City Council of Augusta* v. *Georgia Railroad & Banking Company*, 98 *Ga.* 161, is relied on to support this contention. In that case the city sought to lay a street through the yard of the railroad company, in which were situated numerous tracks, switches, etc., in constant use in the business of the railroad. The railroad company applied for an injunction, which was granted. The chancellor found from the evidence that "the opening of the street would practically amount to a destruction of the railroad company's use of its yard for shifting and drilling cars, though it might not seriously interfere with the lesser use of the main tracks for the ordinary travel of trains." The judgment granting the injunction was affirmed, Mr. Justice Atkinson in the course of the opinion saying: "If the conditions are such that they may be reasonably made to consist, there is no such encroachment upon the prior public use as even appreciably to impair, much less extinguish it; and therefore, even though some slight inconvenience may result to the prior occupant, there is no reason why a second public use, when granted even in general terms, may not be held to confer upon the public authorities the right in such manner to exercise it. A different result follows, however, when the enjoyment of the second use involves the practical extinguishment of the former, or renders its exercise so extremely inconvenient and hazardous as practically to destroy its value. In such a case the right to enjoy the second use must rest upon express legislative authority,

and will not be implied." We do not think the petition in the present case makes such a case of inconsistent uses as, under the decision just cited, would authorize the court to enjoin the exercise by the town of the power to condemn conferred upon it by the General Assembly. The crossing is to be fifty feet from the company's depot, and traverses only two tracks, the main line and a siding at a small station, and therefore would not seriously interfere with the use of the depot and grounds. The crossing might at times somewhat inconvenience the company in the conduct of its business, and possibly require it to be more circumspect and careful in order to avoid injury to persons using the crossing; but its use is not, under the facts alleged, so inconsistent with the prior appropriation by the company as to destroy, or even seriously impair, the company's right to use its property for the purposes to which it had previously devoted it. On the subject of inconsistent uses, see *Brunswick Railroad Co.* v. *Waycross*, 91 *Ga.* 573. See also, in this connection, Elliott on Roads & Streets (2d ed.) § 221; 1 Lewis on Em. Dom. (2d ed.) § 266; 2 Dill. Mun. Corp. (4th ed.) § 588 (note). Our conclusion is that the judge properly enjoined the defendants from constructing the crossing before making provision for compensation to the company for the damage which might thus be inflicted upon it; but that he did err in restraining the municipal authorities from instituting proceedings to condemn so much of the company's property as might be necessary for the crossing and street extension. Direction is, therefore, given that the order be so modified as to permit the defendants to institute such proceedings to condemn.

*Judgment affirmed, with direction. All the Justices concur except Simmons, C. J., absent.*