SEABOARD AIR-LINE RAILWAY COMPANY *v.* CAMDEN COUNTY *et al.*

RUSSELL, C. J. 1. The court did not err in refusing to grant an interlocutory injunction restraining the commissioners of roads and revenues of Camden County from changing the location of a grade crossing over the tracks and right of way of the railway company.

(*a*) Under the facts of this case, the distinction between opening a new road and the changing of the old road is immaterial. The former road crossing, so far as the petitioner is concerned, will be moved only 266 feet across the right of way and tracks of the railway company, that many feet further from the depot than at present.

(*b*) From the evidence adduced upon the interlocutory hearing the court was authorized to find that the provisions of § 640 et seq. of the Code of 1910, with regard to the opening of new roads or changes of existing roads, had been substantially complied with; and that there had been no abuse in the exercise of their discretion by the county authorities of Camden County in their judgment changing the location of the road across the right of way of the railway company.

2. Upon consideration of the evidence adduced upon the hearing, the judge was authorized to find that the use of a portion of the right of way of the railway company for a public road across the railroad-tracks was not so inconsistent with the use to which the company had already adapted the right of way as to unduly diminish the exercise of its right by the railway company. On the contrary, there was evidence tending to show that the new location of the crossing from where the public road crossed the right of way of the company to the proposed new crossing would not be detrimental to the railroad, but would tend to reduce the danger of injuries and liability for damages. Land which has already been appropriated for the benefit of the public may be subjected to a second servitude for the benefit of the public, when the latter is not destructive of the exercise of the first condemnor's rights. *City of Augusta* v. *Georgia Railroad Co.,* 98 *Ga.* 161 (26 S. E. 499);

*Town of Poulan* v. *Atlantic Coast Line Railroad Co.*, 123 *Ga.* 605 (51 S. E. 657); 20 C. J. 605, § 91.

3. The court did not err in refusing to grant an interlocutory injunction until the trial of the case, when upon findings of fact by the jury there can be a final decree as to the matter of a permanent injunction.

*Judgment affirmed. All the Justices concur.*

No. 8203.   JULY 18, 1931.

95

*Conyers & Gowen,* for plaintiff.
*Reese, Scarlett, Bennet & Highsmith,* for defendants.