## TIPPINS *v.* HOWARD *et al.*

No. 12888. NOVEMBER 15, 1939.

*Highsmith & Highsmith,* for plaintiff in error.
*M. Price* and *R. L. Dawson,* contra.

ATKINSON, Presiding Justice. A lease of a large tract of timbered land, executed in 1920, that would expire in 1940, granted the right to cut and remove timber therefrom. Subsequently the lessor died, and the land was conveyed to purchasers at administrator's sale, subject to the lease. Among other provisions, the lease purported to grant to the lessee and assigns "full and unrestricted right of ingress and egress in, upon, and through" the

lands "for the purpose . . of using the said timber for any purpose whatsoever, this right extending to said second parties, their heirs, successors, assigns, agents, servants, and employees, as well as to all teams, implements, and machinery employed by them . . for the purpose of removing the timber. . . Provided, however, that such right shall not be exercised in, upon and through any of the lands now in cultivation or that may hereafter be cultivated, unless agreed to by and between the said parties hereto." At the time of the lease and continuously thereafter there existed several roads traversing the land. In 1938 the grantees named in the administrator's deed, co-operating with certain organizations interested in the protection of timber from the ravages of "woods fire," constructed at considerable cost a new road including bridges, called a truck trail, traversing the land. This road intersected existing roads, but did not follow such existing roads "except at the crossing at Still Branch and at Back Swamp." From "Vanzant Swamp and the fords thereon to Back Swamp" it was "built over" an "old tramroad" that existed previously and at the time of the lease. The "truck trail" was not intended for use of the public generally. The purpose was "to provide a suitable route over which fire trucks, fire apparatuses, and fire fighters might be transported into and on the land . . for the purpose of protecting said lands from timber and woodland fires." It was well equipped and suitable for that purpose. The hauling of logs, cross-ties and timber would "produce bogs, holes, ridges, and washouts" in said truck trail, and render it unfit for the purpose for which it was constructed. In April, 1939, the grantee in the administrator's deed brought suit against a licensee of the lessee, to enjoin his use, over objection by the petitioner, of the said truck trail by hauling over it heavy loads of cross-ties, causing injury as above stated. At an interlocutory hearing the pleadings and the evidence showed the case substantially as indicated above, and that about a month after the suit was filed the plaintiffs hauled heavier loads of timber over the road than the defendant had hauled. The judge temporarily enjoined the defendant as prayed, except that he was permitted to cross the truck trail at intersections with other roads, and to haul along the truck trail at the "Back Swamp" bridge and crossing. The defendant excepted.

■ The quoted provision of the contract relating to ingress and egress, as set forth above, had reference to such "full and complete" ingress and egress as should be reasonably necessary to the enjoyment of the estate granted, including removal of the timber. It was the grant of an easement, and was not so exclusive as to prevent the lessor or his assigns from thereafter constructing on his lands a new road and his exclusive individual use thereof, where such new road and use would not substantially interfere with enjoyment of the easement of ingress and egress granted to the lessee and his assigns. In the brief of the attorney for the plaintiff in error it was stated substantially that the controlling question turned upon construction of the contract.

■ The judgment complained of applied the law to the pleadings and the evidence, and gave effect to the contract as properly construed. The grant of injunction was not erroneous. See *Hanbury* v. *Woodward Lumber Co.*, 98 *Ga.* 54 (26 S. E. 477) ; *Town of Poulan* v. *Atlantic Coast Line Railroad Co.*, 123 *Ga.* 605 (6) (51 S. E. 657). *Judgment affirmed. All the Justices concur.*