## 30164. SMITH v. BENTLEY.

Decided September 30, 1943.

Theo. J. McGee, for plaintiff.
R. M. Arnold, W. G. Love, for defendant.

BROYLES, C. J.  On November 17, 1941, Mrs. Estelle C. Smith filed with the recorder of the mayor's court of Columbus an application against Edward C. Bentley for the abatement of a nuisance, said nuisance being certain described obstructions put by Bentley in a certain alley located between and serving certain described property owned respectively by Mrs. Smith and Bentley. Bentley in his answer admitted placing the obstructions in the alley, but denied that they amounted to a nuisance.  He further pleaded that Mrs. Smith was estopped from objecting to the obstructions, since she and her predecessors in title had previously put and maintained obstructions in the alley.  He admitted that by virtue of her deeds she had an easement in the alley.  He further asked the court, if it should find from the evidence that his obstructions should be removed from the alley, that Mrs. Smith also be required to remove her obstructions.  On the hearing of the case the recorder held that the evidence failed to show that the obstructions complained of constituted a nuisance, and denied Mrs. Smith's petition.  The judge of the superior court overruled Mrs. Smith's certiorari, and that judgment is assigned as error.

Upon the trial the undisputed evidence showed the following facts:  (1) That by virtue of their deeds both parties had an easement in the alley.  (2) That in 1939 Bentley moved his chicken-house and his garage into the alley, the garage encroaching about 5.5 feet, and the chicken-house 4.2 feet, on the alley.  (3) That as soon as Mrs. Smith knew of said encroachments (Bentley testified that she protested to him about them before he had completed their removal into the alley) she objected to them and asked Bentley to remove them from the alley, and he refused to do so.

"If an owner of a tract of land divides it into lots, streets, and alleys, records a plat thereof, and conveys lots by reference to the plat which abut a particular alley, the grantee in virtue of the grant will acquire a private easement in the alley as appurtenant to the land for the purpose of affording ingress and egress to and from the lots. . .  The principle applies whether the alley extends from one street to another, or is a cul de sac extending only from one street to a terminus at the line of a given lot in the subdivision. . .  The property right to an easement of the character mentioned . . may be protected by injunction as against another person who without the consent of the owner attempts to

close the alley. . . The fact that the owner of the easement did not actually use the alley but used a driveway from the front of his lot would not defeat his right to an injunction to prevent closing the alley." *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83 (140 S. E. 67). See also *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349). Under these two decisions, it appears that where one has an easement in an alley, *created by grant,* he can have obstructions in the alley removed, although he suffers no damage or inconvenience therefrom. Moreover, in this case the evidence demanded a finding that the obstructions, if not removed, would cause damage and inconvenience to Mrs. Smith and her property. However, Bentley contends that Mrs. Smith should not prevail, because she did not object to previous obstructions put into the alley by him, and because she and her predecessors in title had theretofore encroached upon the alley. The evidence showed that in 1929, a short time after he bought his lot, Bentley planted some shrubbery and put a water hydrant in the alley, and that Mrs. Smith made no objections to those obstructions. The fact that she made no objections to such obstructions did not estop her from thereafter objecting to much greater obstructions, to wit, a garage and a chicken-house which extended to nearly half the width of the 12 or 15-foot alley. Furthermore, it is well settled law that mere permissive possession can never be the basis of prescriptive title. *Kesler* v. *Verner,* 161 *Ga.* 118 (2) (129 S. E. 843). In that case it was held that the planting of trees and flowers upon the land in question was insufficient to evidence a claim of hostile possession adverse to the rights of the opposite party. Moreover, if it be conceded that the placing of the shrubbery and the hydrant in the alley, with Mrs. Smith's knowledge and without her protest, amounted to a claim of possession adverse to her right of easement, Bentley can not prevail, because such possession had not continued for the statutory period of twenty years; and until the lapse of that period Mrs. Smith had the right to withdraw her implied consent to such obstructions and to object to them, which she has done in her present petition. See *Tietjen* v. *Meldrim,* supra, where it was held that in order to extinguish easements *created by grant,* "there must be some conduct on the part of the owner of the servient estate adverse to and in defiance of the easements, and the nonuser must be the result of it, and must continue for

the statutory period of limitation [20 years]; or, to produce this effect, the nonuser must originate in or be accompanied by some unequivocal acts of the owners of the easements, inconsistent with the continued existence thereof, and showing an intention on their part to abandon them; and the owner of the servient estate must have relied or acted upon such manifest intention to abandon the right, so that a subsequent assertion of it would work him injury." In the instant case there was no evidence whatever showing any intention by Mrs. Smith to waive or abandon her right of easement in the alley.

The next question is, was she estopped from complaining of Bentley's obstructions in the alley, because she had previously infringed upon it? The undisputed evidence bearing upon this question showed the following facts: (1) The alley at the time of the trial was about twelve feet wide. (2) The width of the alley was not stated in any of the deeds or shown on any recorded map. (3) Mrs. Smith's deed gave her 142-½ feet, more or less, running back to the alley in question; and her lot actually ran back a little more than 145 feet. (4) Her lot was on the north side of the alley, and her line running along the alley *was substantially the same line that existed when she bought and took possession of the property more than twenty years before the trial of this case.* It is true that there was some evidence which authorized the recorder to find that the alley was originally fifteen feet in width, and that Mrs. Smith and her predecessors in title had encroached some two or three feet on the alley. However, since the uncontradicted evidence showed that she had been in actual possession of those two or three feet for more than twenty years, she had obtained a valid title to the same, and could not be forced to move her line back. The decisions cited by the defendant in error, holding that before an applicant can have obstructions removed from a private way he must show that it is not more than fifteen feet wide, that it is the same fifteen feet originally appropriated, and that he has kept it open and in repair, are not applicable to an easement *created by grant.*

The judgment of the recorder was contrary to law and the evidence; and the overruling of the certiorari was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*