## 34384. YEOMANS et al. v. HEAD et al.

MARSHALL, Justice.

The plaintiffs and defendants are adjacent landowners who trace title to their respective properties to a common grantor. The plaintiffs brought this suit against the defendants, alleging that the defendants were interfering with their use of a 20-foot ingress and egress easement (a road) running between the land of defendants Yeomanses and defendant Sears.

Following the grant of temporary injunctive relief, the case came on for trial before a jury. As the case was presented to the jury, the plaintiff sought a permanent injunction to prohibit the defendants from interfering with or using and trespassing upon the 20-foot easement. The plaintiffs also sought monetary damages. The jury returned a verdict finding that the trial court should issue the permanent injunction against the defendants, but disallowing any monetary damages. The defendants appeal.

In the first two enumerations of error, defendants argue that the trial court erred in excluding them from using the road altogether, since they, as owners of the servient tenement, have a concurrent right to possess and enjoy the land over which the easement runs.

As a general matter, unless it is provided in the instrument creating the easement that the grantee has the exclusive right of use and possession, the owner of the underlying fee retains a concurrent right of use and possession, except so far as a limitation thereon is essential to the reasonable enjoyment of the easement by the grantee. *Folk v. Meyerhardt Lodge &c.,* 218 Ga. 248 (127 SE2d 298) (1962); *Ga. Power Co. v. Leonard,* 187 Ga. 608 (1 SE2d 579) (1939). Accord, *Tippins v. Howard,* 189 Ga. 193 (5 SE2d 750) (1939). Thus, if the easement can be reasonably enjoyed without being exclusive, it leaves in the grantor and his assigns the right of use in common

with the grantee. *Folk v. Meyerhardt Lodge,* supra.

In the present case, there is no evidence that the easement can not be reasonably enjoyed by the plaintiffs without being exclusive. The plaintiffs point out that there is evidence that the defendants had attempted to destroy the road prior to this suit by removing the material which composes the road. The plaintiffs argue that this evidence authorized the jury in finding that the plaintiffs could not reasonably enjoy the road with the defendants using it concurrently. We disagree. The defendants' prior attempts to dismantle the road would have authorized the jury in awarding damages to the plaintiffs but would not authorize permanently enjoining the defendants from using the road.

The final two enumerations have been reviewed and found to be without merit.

The judgment is affirmed on the condition that the injunction against the defendants' using the road be stricken; otherwise, the judgment stands reversed and a new trial is ordered.

*Judgment affirmed on condition. All the Justices concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED MARCH 7, 1979.

*Gibbs, Leaphart & Smith, T. Alvin Leaphart,* for appellants.

*Robert P. Killian,* for appellees.