## A92A1121. UPSON v. STAFFORD.
(422 SE2d 882)

BEASLEY, Judge.

Upson and Stafford both own identical non-exclusive "permanent" easements across an 80-foot-wide tract adjacent to their separate tracts of land. The easement, conveyed to Upson in 1982 and to Stafford in 1987, are for the following purposes: (a) ingress and egress; (b) construction and maintenance of roadways; and (c) construction, maintenance and use of utility lines and installations.

Upson constructed a roadway within the easement property for access to his adjoining tract. Stafford constructed a drainage ditch for the subdivision on his contiguous tract. In doing so, Stafford removed some trees, vegetation, and dirt. The ditch, which drains the roadway, passes over the easement property for a short distance after leaving and before reentering the subdivision property. The ditch does not "absolutely prevent" Upson from using the easement as a means of access to his tract.

Upson sued Stafford, alleging that the ditch is unauthorized and interferes with his easement rights. He sought its abatement as a nuisance. He also alleged that the removal of trees for the ditch, which trees had served as a buffer between Stafford's tract and Upson's

roadway, devalued his easement in a recoverable unspecified amount.

Upson moved for summary judgment, arguing that although the ditch incidentally drains portions of the roadway constructed by him, its primary purpose is to provide drainage for Stafford's subdivision and Stafford does not have an easement for this purpose.

Stafford also moved for summary judgment, arguing that Upson had not presented any evidence that the drainage ditch is an obstruction to his use of the roadway. Stafford argues that the fact that the ditch serves the purpose of draining the subdivision does not destroy its validity for the authorized purpose of "maintenance of roadway," even though the maintenance is of a roadway constructed pursuant to Upson's and not his own easement. The owner of the servient tenement has not objected to the ditch, and Stafford argues that Upson does not have "standing" to object to the existence of the ditch. Stafford submitted affidavits executed by himself and an expert witness in which they stated that the ditch aids in the drainage of the roadway and does not interfere with its use. Upson did not submit countervailing proof.

The trial court denied Upson's motion for summary judgment and granted Stafford's. Upson appealed to the Supreme Court, which transferred the appeal to this Court under the authority of *Krystal Co. v. Carter*, 256 Ga. 43, 44 (2) (343 SE2d 490) (1986) (holding that appellate jurisdiction is in the Court of Appeals where the grant of injunctive relief is ancillary to resolution of a legal question over which the Court of Appeals has jurisdiction).

The issue is whether Upson has cause to complain of the ditch. It does not interfere with Upson's use of the road he built. It does not otherwise encroach on his easement rights because he has no right to a buffer of trees, either expressly or as a reasonably necessary incident of any of the purposes of his easement. See *Brooke v. Dellinger*, 193 Ga. 66 (17 SE2d 178) (1941).

It is a recognized general principle that where an owner of a non-exclusive easement is using the easement in an unauthorized manner, a co-owner who is "adversely affected" may enjoin the unauthorized use. *Mad River Securities v. Felman*, 112 NE2d 646, 647 (37 ALR2d 940, 941) (1953).

This accords with Georgia case law, holding that the grantor of an easement has no right to allow another to do anything which would "materially interfere" with the easement holder in the enjoyment of the easement, *Hiers v. Mill Haven Co.*, 113 Ga. 1002, 1005 (39 SE 444) (1901), and also holding that unless the easement is exclusive, the grantor may construct buildings or other improvements on the land which do not "substantially interfere" with the enjoyment of an easement previously granted. See *Tippins v. Howard*, 189 Ga. 193, 195 (1) (5 SE2d 750) (1939); see also *Kiser v. Warner Robins &c.*

*Estates,* 237 Ga. 385, 387 (3) (228 SE2d 795) (1976); see generally Pindar, Ga. Real Est. Law & Procedure, §§ 8-25, 8-27 (3rd ed.).

Where one has a non-exclusive ingress/egress easement by grant in a street or alley, the owner of such easement may enjoin a co-owner from erecting obstructions in the street or alley, and the argument that the complainant is not being damaged or inconvenienced, as where he or she is using an alternate route as a means of access to his or her property, is no defense. See *Smith v. Bentley,* 70 Ga. App. 13 (27 SE2d 252) (1943), and cits. That case is distinguishable because Stafford's drainage ditch does not obstruct or adversely affect Upson's road.

This case is controlled by the general principle that the holder of an easement must be adversely affected, or substantially or materially interfered with, in order to enjoin another owner's unauthorized use. See *Jakobsen v. Colonial Pipeline Co.,* 260 Ga. 565, 566 (2) (397 SE2d 435) (1990) (as to uses which are implicitly authorized). Otherwise, the remedy lies in the owner of the underlying fee. See *Donalson v. Ga. Power & Light Co.,* 175 Ga. 462 (2) (165 SE 440) (1932).

There is no evidence contrary to that which shows that the drainage ditch does not interfere with Upson's use of the roadway or any of his rights in the easement. Consequently, the trial court did not err in either denying Upson's or granting Stafford's motion for summary judgment. See *Cochran v. Southern Business Univ.,* 110 Ga. App. 666 (1) (139 SE2d 400) (1964); see also *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED SEPTEMBER 29, 1992 —

*Miller, Simpson & Tatum, James R. Williamson III,* for appellant.

*Devaul L. Henderson, Jr., Karsman, Brooks & Callaway, Stanley E. Harris, Jr.,* for appellee.