A05A0861, A05A0862. DAISS v. BENNETT et al.; and vice versa.
(616 SE2d 114)

ELLINGTON, Judge.

In Case No. A05A0861, Raymond Daiss appeals from an order of the Superior Court of Chatham County granting partial summary judgment to Joseph C. and Julius H. Bennett, co-executors of the estate of Margaret Bennett, in this suit concerning a shared road easement and the removal of each party's encroaching structures. The superior court ordered Daiss to remove an encroaching garage. In Case No. A05A0862, the Bennetts cross-appeal, contending the trial court should have ordered Daiss to remove an encroaching fence also.

Because the facts and arguments in both cases overlap and arise from the same order, we consolidate these appeals. Finding no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from an order either granting or denying summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Desai v. Silver Dollar City, Inc.*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). So viewed, the record reveals the following.

This case concerns the use of a 16-foot-wide, 335-foot-long private right-of-way known as Pamela Drive. This drive extends from Moon River Drive, a public road, to Moon River, ending in a circular turn-around and boat launch. Daiss, the Bennetts, and other property owners along Pamela Drive have been using the private road and turn-around to access their property and the Moon River boat launch for about 37 years. No one contests the existence of or the extent of the easement. In fact, the court concluded that "[i]t has already been admitted by counsel that the residents along Pamela [Drive] have an easement that extends the length of the drive and includes the circular [turn-around]."

Daiss and the Bennetts both contend the opposing side has encroached or is about to encroach upon the easement. Daiss originally sued Margaret Bennett, now deceased,[1] for injunctive relief when she told Daiss she planned to build a fence across part of the circular turn-around adjoining the boat launch. Daiss claimed Margaret Bennett or her successors, Julius and Joseph Bennett, placed bricks and stones in the turn-around, outlining a proposed fence across the northern half of the circle that would make it difficult for Daiss to use his garage. Daiss sought a permanent injunction preventing the Bennetts from obstructing the turn-around. The Bennetts removed their proposed fence and filed a counterclaim seeking an order requiring Daiss to remove his encroaching brick fence and garage from the southern half of the circular turn-around. Daiss did not deny that his garage encroaches across the turn-around almost to the line of Pamela Drive. Further, there is no dispute that Daiss' fence extends 2.5 feet into Pamela Drive. After Margaret Bennett died, Daiss asserted he had her permission to build the structures and that his permissive use ripened into a prescriptive easement. There is no evidence in the record that Daiss had permission from any of the

---

[1] Margaret Bennett died on January 25, 2004. The superior court substituted Joseph and Julius Bennett, the co-executors of her estate, as defendants.

other Pamela Drive residents to obstruct the drive or the turn-around. Daiss stated in his affidavit that he built his garage three years prior to filing suit against Margaret Bennett.

The trial court concluded that neither the Bennetts nor Daiss had a right to encroach upon the shared easement. The court enjoined the parties from interfering with the use of the easement in the future. The court ordered Daiss to remove his garage from the turn-around. Further, although the trial court found that Daiss' brick fence encroached into the private drive, the court did not order its removal because the fence did not "substantially interfere with the enjoyment of the easement." Daiss and the Bennetts appeal from this order.

*Case No. A05A0861*

1. (a) Daiss argues that this entire suit is moot because Margaret Bennett, who is now deceased, no longer has any intent to build the fence to which Daiss originally objected in his complaint for an injunction. The trial court noted in its summary judgment order that Daiss abandoned this argument below. Daiss offers nothing to contradict this finding. It is clear from the record that the Bennetts pursued their counterclaim and that Daiss pursued his motion for summary judgment. There is no evidence in the record that Daiss sought to voluntarily dismiss his complaint or the Bennetts' counterclaim prior to an adjudication on the merits. See OCGA § 9-11-41 (a) (2). Consequently, this "mootness" argument is completely without merit.

(b) Daiss does not dispute that his garage encroaches into the circular turn-around at the end of Pamela Drive, a turn-around that he, the Bennetts, and others have been using for almost 37 years to access their property and the Moon River boat launch.[2] The photographs, affidavits, and the survey of the property support the court's finding that the garage substantially interferes with the turn-around's purpose, which is to allow boaters to turn their cars and trailers around, back into the launch, and unload their boats from their trailers into Moon River. Daiss argues the superior court erred in ordering him to remove the garage because Margaret Bennett gave him permission to build it and his permissive use ripened into a prescriptive easement. This argument fails for three reasons.

First, since it appears from the record that others besides Margaret Bennett and Daiss had easement rights in Pamela Drive and

---

[2] Daiss does not allege as error the superior court's finding that he, the Bennetts, and other residents along Pamela Drive have an easement in the turn-around.

the turn-around, Bennett's permission alone was insufficient to authorize Daiss' permissive use over the others' objections. As we have held, "[w]here one has a non-exclusive ingress/egress easement by grant in a street or alley, the owner of such easement may enjoin a co-owner from erecting obstructions in the street or alley." (Citations omitted.) *Upson v. Stafford*, 205 Ga. App. 615, 617 (422 SE2d 882) (1992). Second, a permissive use cannot be the foundation for a claim of prescriptive or adverse possession until the user notifies the owner that he has changed his position from that of mere licensee to that of a prescriber. *First Christian Church &c. v. Realty Investment Co.*, 180 Ga. 35 (2) (178 SE 303) (1934). In this case, the record contains no evidence that Daiss informed Margaret Bennett or anyone else of an adverse claim to the turn-around. Third, even if erecting the garage constituted sufficient notice to the easement holders of Daiss' adverse claim, Daiss built the garage only three years prior to his filing suit, which is an insufficient period of use for a colorable claim of prescriptive use to arise. OCGA § 44-9-1 (seven-year requirement for claim of prescriptive use). Consequently, the trial court did not err in granting summary judgment on this issue.

*Case No. A05A0862*

2. The Bennetts contend the trial court erred in failing to order Daiss to remove a brick fence that encroaches 2.5 feet into Pamela Drive. The Bennetts argue that a 15% reduction in the width of the road along the fence interferes with their use of the easement. However, the Bennetts presented no evidence establishing that the slight narrowing of Pamela Drive along the brick fence prevents or impedes traffic flow along the road or interferes with the intended use of the turn-around.

"This case is controlled by the general principle that the holder of an easement must be *adversely affected, or substantially or materially interfered with*, in order to enjoin another owner's unauthorized use." (Citation omitted; emphasis supplied.) *Upson v. Stafford*, 205 Ga. App. at 617. Because the Bennetts failed to adduce evidence demonstrating, as a matter of law, that the encroachment adversely affects their use of Pamela Drive, the trial court did not err in refusing to order the fence's removal. See id.

*Judgments affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED MAY 17, 2005 —
RECONSIDERATION DENIED JUNE 21, 2005 —

*Clark & Clark, Fred S. Clark*, for appellant.

*McCorkle, Pedigo & Johnson, David H. Johnson, Mathew M. McCoy*, for appellees.