## A07A0409. DAISS v. BENNETT et al.
### (648 SE2d 462)

BERNES, Judge.

Appellant Raymond Daiss and appellees Joseph C. and Julius H. Bennett, co-executors of the estate of Margaret Bennett, are neighboring property owners embroiled in a dispute over encroachments to a cul de sac and private right of way to a boat launch ("the easement") proximately located to their respective properties. This is the second appeal before this Court arising from this matter. In *Daiss v. Bennett,* 273 Ga. App. 784 (616 SE2d 114) (2005) (*"Daiss I"*), we affirmed the trial court's decision which granted partial summary judgment in favor of the Bennetts, required Daiss to remove an encroaching garage, and enjoined the parties from interfering with the use of the easement in the future.

Subsequent to the appeal, Daiss removed the structure of the encroaching garage, but left the foundation where he frequently parked a vehicle. He continued to maintain a second garage which was located immediately adjacent to the first, a large bush, and a fence, all of which encroached upon the easement. The Bennetts filed a motion requesting that Daiss be held in contempt for violating the trial court's order. Following a hearing, the trial court found that Daiss was not in wilful contempt of its previous order, but clarified that its order had required the removal of any obstruction to the easement. The trial court required Daiss to remove the foundation of the previously removed garage, the portion of the second garage which obstructs the easement, the bush, and the fence. It also prohibited Daiss from parking vehicles in the easement, except for brief periods consistent with the easement's purpose.

Daiss now appeals from the contempt order, contending that the trial court erred in requiring him to remove the garage foundation and in limiting his vehicular parking on the property.[1] He argues that he had a prescriptive right to maintain the garage foundation and that he had a right to use the easement for parking. We disagree and affirm.

---

[1] Daiss has not enumerated that the trial court erred in its ruling with respect to the encroaching second garage, bush, and fence. He also failed to provide argument and citation to authority as to these encroachments, and therefore, any claim regarding these encroachments is deemed abandoned. Court of Appeals Rule 25 (c) (2).

1. *The garage foundation.* In response to the contempt motion, Daiss claimed that he had a prescriptive right to maintain the garage foundation. Daiss' claim is barred by the law of the case rule, which provides that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." OCGA § 9-11-60 (h).

In the prior injunction proceeding, Daiss also claimed that he had a prescriptive right to maintain the garage encroachment by virtue of having received permission to build the garage and having erected it three years prior to the lawsuit. In its order granting summary judgment in the Bennetts' favor, the trial court rejected Daiss' claim, and this decision was affirmed on appeal. See *Daiss I*, 273 Ga. App. at 786-787 (1) (b). Specifically, in *Daiss I*, we ruled that the alleged permissive use could not be the basis for a prescriptive claim and that Daiss' maintenance of the garage for three years did not meet the seven-year requirement for a claim of prescriptive use. Id. at 787 (1) (b).

Here, Daiss essentially raises the same prescriptive arguments as to the foundation upon which the garage was previously built. Now, however, he contends that he built his garage in 1971. Notwithstanding Daiss' current contention, we cannot allow him to relitigate an issue that has already been adjudicated. "It is axiomatic that the same issue cannot be relitigated ad infinitum." (Citation and punctuation omitted.) *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (3) (633 SE2d 337) (2006). Our affirmance of the trial court's summary adjudication rejecting Daiss' prescriptive claim in *Daiss I* became binding as the law of the case. OCGA § 9-11-60 (h); *Harkleroad v. Stringer*, 231 Ga. App. 464, 470-471 (5) (b) (499 SE2d 379) (1998).

It is true that the law of the case rule does not apply where the evidentiary posture of the case in the trial court changes subsequent to the appellate decision. *Harkleroad*, 231 Ga. App. at 470 (5) (b). Nevertheless, Daiss may not change the evidentiary posture of the case merely by changing his testimony as to when the garage was built after summary judgment has already been granted on the issue. See id. at 470-471 (5) (b). Our prior holding that Daiss had no prescriptive right to maintain the encroaching garage encompasses the encroaching foundation that was a part of that garage.

2. *Prohibition against vehicular parking.* Daiss' claim that the trial court erred in restricting him from using the easement to park his vehicles likewise must fail. The trial court's order prohibited Daiss from parking vehicles in the easement for long periods of time, but allowed for brief parking consistent with the purpose for which the easement was granted. The trial court's order was consistent with

its prior order which generally prohibited both parties "from any interference with the use of [the easement]." In *Daiss I*, 273 Ga. App. at 786 (1) (b), we noted that the purpose of the easement was "to allow boaters to turn their cars and trailers around, back into the launch, and unload their boats from their trailers into Moon River." Since long-term or permanent vehicular parking was not the purpose of the easement, it follows that Daiss' use of the easement to park vehicles for long periods of time was prohibited as an enjoined encroachment and interference. The trial court's order clarifying that Daiss was prohibited from using the easement for long-term parking was authorized. *Harvey v. Lindsey*, 251 Ga. App. 387, 390-391 (1) (554 SE2d 523) (2001).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 25, 2007.

*Clark & Clark, Fred S. Clark*, for appellant.
*McCorkle, Pedigo & Johnson, Mathew M. McCoy, Margaret K. Clark*, for appellees.