## HOUSER *et al. v.* CHRISTIAN *et al.*

Where the grantor in a conveyance of land reserves to himself the mineral interests in the property and the grantee goes into possession of the land under such conveyance, the grantee is estopped to thereafter assert title to the mineral interests as against the grantor or his privies, there having been no notice of an adverse holding. It follows that the grantor, or those to whom he has subsequently conveyed such mineral interests in the land, can recover the same whenever held adversely by the original grantee.

Argued June 10, — Decided July 25, 1899.

Complaint for land. Before Judge Kimsey. Lumpkin superior court. December 13, 1898.

*R. P. Lattner* and *O. J. Lilly*, for plaintiffs.
*Dean & Hobbs*, for defendants.

SIMMONS, C. J.   This was a suit for the recovery of the mineral interests in certain land.   The defendants set up a prescriptive title.   The evidence showed that the defendants went into possession of the land under a conveyance from one of the plaintiffs and those under whom the other plaintiffs claim the mineral interests in the land.   This conveyance of the land to the defendants expressly reserved the mineral interests therein.   The jury returned a verdict for the plaintiffs.   The court granted a new trial, and the plaintiffs excepted.

We think that the grantees in a deed which reserved the mineral interests in the land conveyed to them can not, as against the grantors or their privies, set up title by prescription to such mineral interests, unless they have in some manner given notice to the grantors or their privies that they intended to hold or were holding adversely to them.   There was no such notice shown in this case, actual or otherwise.   There was no evidence that any mine had ever been worked on the land.   Prescription can ripen only after notice of an adverse claim.   Until after notice of such a claim, the possession, as to the mineral interests, is merely permissive, and the mere holding of the land for any number of years will not ripen into a prescriptive title where the possession is only permissive.   The record does not disclose that any notice whatever was ever given by the defendants to the plaintiffs of any adverse holding of the mineral interests in this land.   Having received the deed with a reservation of the mineral interests and having given no notice of any adverse holding, the defendants are estopped to set up any prescriptive title to the mineral rights.   For these reasons we think that the verdict for the plaintiffs was demanded, and that the court below erred in granting a new trial.   There are other questions raised by the bill of exceptions and the motion for new trial, but the view we take of the case renders it unnecessary to discuss them.

*Judgment reversed.   All the Justices concurring.*