## Gordon, Appellant, v. Delaware, Lackawanna and Western Railroad Company (No. 2).

*Real property—Mines and mining—Surface support—Trespass —Statements of claim—Demurrer—Judgment for defendant.*

Where in an action of trespass for injuries to plaintiff's lot and improvements, caused by defendant's mining operation, whereby the surface support was impaired, it appeared that the deed under which plaintiff claimed, conveying the surface, had not conveyed the right of surface support, the court made no error in entering judgment for defendant on demurrer to the statement of claim.

Argued Feb. 24, 1916. Appeal, No. 5, Jan. T., 1916, by plaintiff, from judgment of C. P. Lackawanna Co., Jan. T., 1916, No. 47, for plaintiff, sur demurrer to plaintiff's statement of claim, in case of Michael Gordon v. Delaware, Lackawanna and Western Railroad Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ. Affirmed.

Trespass to recover damages for injuries to the surface of real estate.

The facts appear in the following opinion by NEW-COMB, J., sur defendant's demurrer to plaintiff's statement of claim:

The action is trespass for injuries to plaintiff's lot and the improvements by defendant's mining operations which have impaired the surface support. The case presented is one of divided ownership as between the surface and the underlying coal. It is not disputed, but, to the contrary thereof, distinctly averred that defendant owns the coal by virtue of its succession to the right and title of the Pawnee Coal Company, former owner in fee of both coal and surface from whom the parties respectively claim as the common source of title. Plaintiff's title is traced to a conveyance which admittedly severed the coal estate. This was a deed of June 1, 1870, by the

coal company to one Sarah Mahney—or Mahoney—for a town lot on Birch street, this city, being 40 feet in front by 150 feet deep, and designated on the company's map, of the tract to which it belonged, as lot 16 in Block 34, "excepting and reserving however to said company, their successors and assigns, all coal and minerals beneath the surface of and belonging to said lot with the sole right and privilege to mine and remove the same by any subterranean process incident to the business of mining without thereby incurring in any event whatever any liability for injury caused or damage done to the surface of said lot or to the buildings or improvements which now are or hereafter may be put thereon: Provided that no mine or air shaft be intentionally opened or any mining fixture established on the surface of said premises."

Plaintiff succeeded to this title in 1907 by deed reciting that the coal and minerals were as fully excepted and reserved both as to the right to mine and remove the same and as to the exemption from liability for damages as heretofore excepted and reserved. Hence the sole question is to the legal effect of that reservation. If it operated to extinguish the right of support, then the plaintiff has no case.

Just when defendant succeeded to the underlying mineral estate and mining rights reserved by the common grantor out of the conveyance of 1870, does not appear; but it is averred that they were subsequently conveyed to and are now owned by defendant.

Just how such ownership can be reconciled with plaintiff's notion of liability is not apparent.

It is not alleged that the operations complained of are unusual, unskilful or negligent, but are those carried on by defendant in the prosecution of its mining industry. The theory of liability contended for is to be found in this paragraph of the statement:

"The deed of the Pawnee Coal Company to Sarah Mahoney, which contains the exception and reservation aforementioned, is hereto attached and made a part here-

of for the purpose of showing plaintiff's title to the lot of land and for the purpose of showing that the exception in so far as it relates to the right of support is illegal and void for the reason that it is as broad as the grant and destructive of it; and is within the statute of frauds."

It is not clear by what process the company would have conveyed to defendant a valid title to the reserved estate if, as thus asserted, the reservation was void and of no legal effect.

It has been repeatedly held that such reservation is not as large as the grant, and it would serve no useful purpose to further discuss a point which is so self-evident.

Much the same is true as to the other phase of counsel's theory founded upon the conception that the case is one to which the statute of frauds applies, and, therefore, his client's right to surface support is intact for want of a release in writing either by himself or his predecessor in title.

This is begging the question. It assumes that the right once existed in the coal company's grantee. One can release such right as he may have; that which he never had is another thing. When Mrs. Mahoney took title she accepted it with its limitations. It was for the company to offer the grant upon such terms as it saw fit to propose. It was for her to accept or reject it as it was offered. In other words, it is competent for the grantor to offer his property upon terms the acceptance of which will necessarily imply a waiver of surface support; and that, as a mere incidental right of property, may be waived by necessary implication as well as by express covenant.

It is believed the case differs in no essential particular from Kirwin v. Del., Lack. & Western R. R. Co. (No. 1), 249 Pa. 98, and the line of cases to which it belongs, and as such the facts averred will not support the action,

The court sustained the demurrer and entered judgment for defendant.  Plaintiff appealed.

*Error assigned* was in sustaining the demurrer.

*Thomas P. Duffy,* for appellant.

*Everett Warren,* with him *J. H. Oliver* and *D. R. Reese,* for appellee.

Per Curiam, March 20, 1916:

This judgment is affirmed on the opinion of the learned court below entering it in sustaining defendant's demurrer to plaintiff's statement.