### GEORGIA IRON ORE COMPANY *v.* JONES.

HILL, J. On March 4, 1890, A. J. Burke executed a deed to E. W. Marsh, which was duly recorded on the 21st day of April next ensuing. The deed conveyed " all of the iron ore and manganese of every kind that now are or may hereafter be found on all of lot of land 305 in the 10th district and 4th section of Walker County, Georgia, now owned by," etc. The deed also conveyed " the privilege and right of entering upon said lands and mining and transporting therefrom the ores and materials aforesaid and taking therefrom said minerals, and also the right of ingress and egress to and from this land for the purpose of raising, mining, collecting, and removing and transporting therefrom each and every of the articles aforesaid, and all of the timber and water that may be required for mining purposes." On March 13, 1908, J. H. Nunnally, as trustee and receiver of the estate of E. W. Marsh, executed a lease to the Marsh Mining Company, a corporation, which was duly recorded. The lease referred to numerous tracts of land, and among others purported to convey the above-described mineral interest in the whole of the lot No. 305 in the 10th district and 4th section of Walker County. On November 1, 1901, A. J. Burke executed a deed to C. E. James, which was duly recorded. The deed purported to convey the south half of
54

the same lot 305 in the 10th district and 4th section of Walker County, and contained the recital, "but all coal, iron ore, and minerals and full mining rights reserved as being heretofore sold." By successive conveyances Mrs. Francis S. Jones became the grantee of the property as described in the deed above mentioned, viz., from Burke to James. Consequently, A. J. Burke was the common grantor of the Marsh Mining Company and Mrs. Jones, the former having the older recorded deed which related only to the mineral interest, and the latter the junior deed which conveyed the soil, subject to the prior conveyance of the mineral interest. On September 27, 1917, Mrs. Jones instituted an action for damages and injunction against the Georgia Iron Ore Co., which was mining the property in controversy under a lease from the Marsh Mining Co., on the basis that the defendant was engaged in improperly working the land for the purpose of mining the materials. *Held:*

1. The deed under which the plaintiff holds from the common grantor being junior, and by its terms subject to the older deed from the common grantor to the defendant's predecessor in title, the rights granted and expressed in the older deed will control as to the manner in which the defendant is authorized to work the land in operating the mines, viz., "the privilege and right of entering upon said lands and mining and transporting therefrom the ores and materials aforesaid and taking therefrom said minerals, and also the right of ingress and egress to and from this land for the purpose of raising, mining, collecting, and removing and transporting therefrom each and every of the articles aforesaid, and all of the timber and water that may be required for mining purposes." Under this grant the defendant had the authority to exercise the rights thus conveyed, in such way as would be reasonably necessary to enable it to mine the designated materials, or in other words to enjoy the thing granted.

(a) Any enlargement of authority included in the immediate lease to the defendant, to which the plaintiff was not a party, would not affect the case, for the reason that the trustee could convey no greater estate than Marsh had received from the common grantor; and consequently the court did not err in failing to construe the terms of the lease from the Marsh Mining Co. to Georgia Iron Ore Co.

2. It was erroneous to charge the jury that if they "should find that the defendant mined this ore in a scientific way, that is if they mined in the best and most reasonable way. to obtain the ore from the ground, although the mining of the ore may have damaged the plaintiff's property, the defendant would not) be liable therefor," because the use of the terms "in a scientific way" and "in the best and most reasonable way" placed a greater burden on the defendant than was imposed by the deed.

*Judgment reversed. All the Justices concur.*

No. 2699.    February 28, 1922.

Equitable petition.    Before Judge Wright.    Walker superior court.    May 31, 1921.

*Finley & Campbell* and *Henry & Jackson,* for plaintiff in error.
*R. M. W. Glenn* and *David F. Pope,* contra.