HAUGHEY *et al. v.* ARNOLD.

GILBERT, J. 1. The right to use so much of the timber on the tract of land as might be needed to carry on mining operations will confer the right to use only so much timber as is reasonably necessary to be used in direct connection with such mining operations, and at such times as the same may be required for such uses. Under the deed in question title to the timber was not conveyed. *Georgia Iron Ore Co.* v. *Jones,* 152 *Ga.* 849 (111 S. E. 372); *Sun Lumber Co.* v. Nelson Fuel Co., 88 W. Va. 61 (106 S. E. 41).

2. The court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*

No. 4510. NOVEMBER 14, 1924.

Petition for injunction. Before Judge Shurley. Wilkes superior court. August 15, 1924.

A. G. Haughey et al. filed a petition against Louis Arnold, alleging that plaintiffs, under a warranty deed dated May 15, 1919, owned "all the mining and mineral rights in, on, or under" described land. The deed further provided that the grantees "shall have the right of ingress and egress for mining purposes to any and all parts of the above-described 613 acres, except the yard, garden, and stable lot, now being used by them as such, and they have the right to mine, extract, or take from the above-described property, the gold, silver, and all other minerals of every kind or character that may be found in or under the land, and the right to erect such buildings as may be necessary or helpful in mining said property, including the laying of pipe-lines, buildings, flumes, ditches, cuts, or any other means of conveying water to any and all parts of this property [and] *the use of such water, wood, and timber as may be needed by them to carry on the said mining."* (Italics ours.) They further allege, that Arnold is now threatening and making arrangements to cut the timber on said lands, and

is moving thereon a sawmill outfit for such purpose, after having been notified by petitioners not to do so; that if said lumber is cut, it will vitally affect the value of petitioners' property, and the damages occasioned thereby will be irreparable; that the use of wood and lumber is necessary in mining ores, and if the lumber and wood are removed from the land the damages to them and their property will be impossible to compute; that they have no adequate legal remedy; that the timber on said land is growing timber and increasing in value with time; that they are endeavoring to sell their property and have tentative offers now pending for the purchase of same, but if defendant is allowed to cut and remove the timber it will prevent petitioners from making any sale of the property; that the mining rights owned by petitioners, together with "the right of use of water, wood, and timber constitute a very valuable property worth . . $20,000 or other large sum, but with the timber and wood removed from the land it will vitally affect the value of said property." Petitioners pray that the defendants be enjoined from cutting and sawing said timber.

The defendant, answering, contended that the deed under which plaintiffs claimed conveyed "a mere license to use such wood and such water as are essential to the actual mining operations being carried on from time to time, that no mining operations have been carried on for a period of eight years, requiring the use of either wood or timber, and no operations are now being carried on of any kind; that said license must have been exercised within a reasonable time; that plaintiffs have no right to use any specific quantity of wood, nor have they any right, title, or interest in any wood or timber until their operations are such as to require the use of such wood and timber, and, having no title to any of said standing timber on said lands, plaintiffs are not entitled to any relief by injunction or otherwise." After the introduction of evidence the court refused to grant an interlocutory injunction, and the plaintiffs excepted.

The evidence introduced by the plaintiffs tended to show: "There is not an over-sufficiency of timber now on the land for a successful operation of the mine, and as the mine is developed it will take considerably more timber than is now on the property. Unless timber is used in the development of the mine it will be unsafe both to life and property. This is particularly necessary in the opera-

tion of this mine, as the ground is very broken and it will take considerably more timber and wood than would otherwise be necessary." Other affidavits introduced by plaintiffs were to the effect that even an approximate estimate of the amount of timber that will be necessary until such development has been performed is impossible. A large proportion of timber is generally found necessary for building and purposes other than underground work, and can not be correctly estimated until size and form of such building and other purposes are ascertained as the development of the mine progresses. Other affidavits tended to support the views expressed by the witnesses whose affidavits have just been quoted.

The affidavit of the defendant was as follows: "On said tract of land near and immediately accessible to the locations on which plaintiffs have done some prospecting for minerals is a tract of pine timber which in the opinion of deponent contains more than 100,000 feet of lumber, which said tract of timber is not to be cut by this defendant under his agreement with the owners of the soil; that during the eight years in which mining has progressed under the contracts claimed by plaintiff no considerable use of wood or timber has been made or required by their operations, the only timber deponent observes having been used of any considerable importance being a quantity of firewood used by them. Deponent has had considerable experience in estimating timber and operating a sawmill, and in deponent's opinion there is located on the 613 acre tract of land approximately 1,200,000 feet of pine timber (saw timber) and about 750,000 feet of hardwoods, or a total of about 2,000,000 feet of timber of all kinds, and deponent has no contract to cut any portion of the hardwoods. Deponent further says that timber is continuing to grow on many parts of said tract of land, and there is considerable quantity of land growing up in trees now too small for practical use, but which will probably in time become timber available for use as lumber or for mining purposes."

*Colley & Colley* and *Horace & Frank Holden,* for plaintiffs.
*William Wynne* and *W. A. Slaton,* for defendant.