## McCAW et al. v. NELSON.

HILL, J. 1. The procedure on the report of the examiner under the land-registration act (Ga. L. 1917, p. 108, sec. 20, 9 Park's Code Supp. 1922, § 4215(t) et seq.) is the same as that on the report of an auditor in an equity case. *Bird* v. *South Ga. Industrial Co.*, 150 *Ga.* 421 (104 S. E. 232).

2. While several exceptions of fact and of law were filed to the examiner's report in this case, substantially they hinged upon the question whether, under the evidence and the law, the report was sustainable. Upon a careful review of the evidence and consideration of the law, it is held that the findings of the examiner were all supported, and no error was committed by the trial court in overruling the exceptions of fact and law, or in entering the decree complained of. It was not error to refuse to recommit the case to the examiner.

3. Where the owner of a tract of land executed to a corporation a warranty deed to "all of the kaolin and clay properties in and upon all of the lands now owned, possessed, or enjoyed by" the vendor, with right to enter upon the land and "to mine said kaolin and clay properties, and for that purpose to have free ingress and egress over and upon any and

all lands of said [vendor], said right to continue until said kaolin and clay properties are fully mined and exhausted," the grantee did not have unlimited time in which to mine and exhaust said land of kaolin and clay, but would have a reasonable time within which to do so; and failing to do so, the right or title to mine said clay would be divested. *Grant* v. *Haymes*, 164 *Ga.* 371 (4) (138 S. E. 892). The same principle is decided with reference to grants to standing timber, where no time is stated within which it is to be removed. *McRae* v. *Stillwell*, 111 *Ga.* 65 (36 S. E. 604, 55 L. R. A. 513); *Warren* v. *Ash*, 129 *Ga.* 329 (58 S. E. 858); *Shippen Co.* v. *Gates*, 136 *Ga.* 37 (70 S. E. 672); *Lott* v. *Denton*, 146 *Ga.* 363 (91 S. E. 112); *Mills* v. *Ivey*, 3 *Ga. App.* 557 (60 S. E. 299); *Brinson* v. *Kirkland*, 122 *Ga.* 486 (50 S. E. 369); *Allison* v. *Wall*, 121 *Ga.* 822 (49 S. E. 831). See also Eastern Ky. Mineral &c. Co. *v.* Sawnn-Day Co., 148 Ky. 82 (146 S. W. 438, 46 L. R. A. (N. S.) 672, and note).

(*a*) Accordingly, where the deed was executed on May 22, 1900, and the vendee went into possession and mined kaolin until about the year 1903, when it abandoned the land and the mining altogether, and the vendor went into possession of the land and mineral deposits and held them under a claim of right, openly, notoriously, and adversely for over twenty years, against the vendee and the world, the right of the vendee to enter upon the land for mining purposes was lost and extinguished by its abandonment of the land for the period indicated.

(*b*) Direction is given that if the objectors, before the remittitur is made the judgment of the court below, indicate dissatisfaction with that part of the decree ordering "the title to the five acres of land [here involved] registered in their name," the court will set aside so much of the decree as indicated above. *Judgment affirmed. All the Justices concur.*

ATKINSON, J. Concurs in the judgment of affirmance, but not in all that is said in the third division. The grantee was only a licensee, and as such had only a reasonable time in which to remove the kaolin and clay from the land.

No. 6626. FEBRUARY 23, 1929.

*Jones, Jones & Johnston,* for plaintiffs in error.

*John R. L. Smith, Joseph LeConte Smith,* and *George A. Pindar,* contra.