## BROOKE v. DELLINGER et al.

No. 13890.   October 25, 1941.

*C. C. Pittman* and *R. C. Pittman,* for plaintiff.

*Neel & Ault,* for defendants.

BELL, Justice.  It appears from the petition that the plaintiff and the defendants claim under a common source of title, namely, B. G. Howard and others, who on May 30, 1896, made two deeds: one to Garrett B. Linderman conveying the minerals and mining rights in described lands, including the twenty-acre tract now owned by the plaintiff, and the other to Thomas C. Crenshaw, conveying this tract and other lands but excepting the minerals and mining rights so conveyed to Linderman. The defendants claim under the deed to Linderman, while the plaintiff claims under the deed to Crenshaw.

The first and basic contention of the plaintiff is that the first deed did not convey the minerals and mining rights forever, but that under the terms and conditions of this deed the right to use the land for mining purposes was determinable on failure to exercise it within a reasonable time; and that such time, approximately forty-five years, having expired, the estate in the minerals was divested so far as the defendants were concerned, and became the property of the plaintiff as the owner of the remaining estate. There is no merit in this contention.

The owner of the entire estate or interest in land may sever an estate in the minerals and convey the same absolutely in fee simple. This was clearly done by the deed from B. G. Howard and others to Garrett B. Linderman. In fact, words more appropriate to such purpose could hardly be found in any instrument. It conveyed "all the right and title to all the mineral and mineral interests" in the land described, "to have and to hold the said bargained premises, together with all and singular the rights, members, and appurtenances thereof to the same being, belonging or in anywise appertaining," to the grantee, in fee simple. It also contained a general warranty of title. When mineral interests have been conveyed separately from the surface, title to such minerals will not be lost by nonuser. Neither will it be lost by prescription, where there is no adverse user of the minerals themselves, as distinguished from the surface. *Davison* v. *Reynolds,* 150 *Ga.* 182, 184 (103 S. E. 248). See *Houser* v. *Christian,* 108 *Ga.* 469 (34 S. E. 126, 75 Am. St. R. 72) ; *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150 (108 S. E. 609) ; Scott *v.* Laws, 185 Ky. 440 (215 S. W. 81, 13 A. L. R. 369, 372) ; Claybrooke *v.* Barnes, 180 Ark. 678 (22 S. W. 2d, 390, 67 A. L. R. 1436, 1440) ; Uphoff *v.* Trustees of Tufts College, 351 Ill. 146 (184 N. E. 213, 93 A. L. R. 1224, 1232).

The plaintiff relies upon cases dealing with title to timber and timber rights, such as *Morgan* v. *Perkins,* 94 *Ga.* 353 (21 S. E. 574), and *Jones* v. *Graham,* 141 *Ga.* 60 (80 S. E. 7) ; and while cases of this type have been treated as analogous in several decisions by this court relating to minerals and soil, the analogy was recognized because of the terms of the conveyances and the attendant circumstances. *Grant* v. *Haymes,* 164 *Ga.* 371 (1, 4) (138 S. E. 892) ; *McCaw* v. *Nelson,* 168 *Ga.* 202 (3) (147 S. E. 364) ; *Moxley* v. *Adams,* 190 *Ga.* 164 (8 S. E. 2d, 525). It is insisted by the plaintiff that these three decisions are absolutely controlling, in that they refer to minerals and soil and apply the rule as to reasonable time for removal, as enunciated in the timber cases. We can not agree that the rulings made in these cases are applicable in the case at bar. In the *Grant* case, the owner of the land executed a bond for title in which he referred to a sand bank on the property to be conveyed, and reserved the right to remove the sand, together with the right to remove the timber growing over said bank, "so as to

the better enable him to get the sand." It was held that the grantor did not have an unlimited time in which to remove the sand, having only a reasonable time; but the decision appears to have been based on the particular language in which the reservation was "couched."

In the *McCaw* case, the deed was not general as to minerals, but conveyed specific minerals, to wit: all of the kaolin and clay properties in and upon the land owned by the vendor, with right to enter upon the land, and "to mine said kaolin and clay properties, and for that purpose to have free ingress and egress over and upon any and all lands of said [vendor], said right to continue until said kaolin and clay properties are fully mined and exhausted." It thus appears that the right was not granted forever in fee simple, as in the case at bar. Still other facts appeared, including findings of an auditor, which should be considered in construing that decision.

In the *Moxley* case, the lessee was not given an unlimited right to remove the soil from the land and use it on the leased premises, but such right was in terms limited to the "filling in" of the leased premises for the purpose for which they were to be used; that is, the construction of a filling-station, which according to the contract was to be done "within a reasonable time."

In none of these cases was there a deed of conveyance purporting, as here, to convey "all the right and title to all the minerals and mineral interests . . in fee simple." An owner of land may convey the fee-simple title even in trees growing thereon, with an interest in the soil sufficient for their continued growth, at the same time retaining in himself the fee in the soil; and where an instrument contains apt words for these purposes, the estate in the trees will not be terminated by a failure to remove them in a reasonable time. *North Georgia Co.* v. *Bebee,* 128 *Ga.* 561 (57 S. E. 873). It has been held that the rule which may bar the right to remove timber from another's land by lapse of time does not apply to the removal of minerals the right to which has been severed from the surface; this upon the theory that minerals, unlike trees, do not draw upon the soil for sustenance, and failure to remove them would not interfere with the use of the surface. Bodcaw Lumber Co. *v.* Goode, 160 Ark. 48 (254 S. W. 345, 29 A. L. R. 578).

The nature of the subject-matter may, of course, be an important factor in construing a deed or other instrument, when the language is such as to require interpretation, and the distinction drawn in the Bodcaw case might be sound and applicable in some instances; yet the paramount rule in all cases is to ascertain the intention of the parties, considering the language of the agreement and "the attendant and surrounding circumstances." Code, § 20-704; *North Georgia Co.* v. *Bebee,* supra. Under this rule, we conclude that the deed from B. G. Howard and others to George B. Linderman, under which the defendants claim, conveyed a separate and independent estate in the minerals and mineral rights, with the further right to enter and remove the same, forever in fee simple, and that the plaintiff was entitled to no relief based upon the theory that the right of removal was limited to a reasonable time.

■ The plaintiff further contends that even if the title to the minerals and mining rights was still in the defendants, they would not have the right to confiscate the soil, dirt, rock, and growing timber by removing the same entirely off the tract of twenty acres owned by the plaintiff, a part of which being carried more than two hundred yards from plaintiff's land and other parts more than a mile therefrom. As to these matters, however, the plaintiff's claim was based on an alleged trespass, the petition alleging in paragraph 2 that the defendants had damaged the plaintiff in the sum of $10,000 or other large sum by trespassing on the real estate of petitioner, "as will more fully hereinafter appear." There was no allegation that the removal of such substances was unnecessary to the proper enjoyment of the thing granted, or that there was negligence on the part of the defendants in conducting their mining operations. Under the grant to their predecessor in title conveying the minerals and mineral rights, they had authority to exercise these rights "in such way as would be reasonably necessary to enable [them] to mine the designated minerals, or in other words to enjoy the thing granted." *Georgia Iron Ore Co.* v. *Jones,* 152 *Ga.* 849 (111 S. E. 372). So, in the absence of any averment that the mining operations could be reasonably conducted in any other manner than as shown, the petition did not state a cause of action for damages. See, in this connection, *Spencer* v. *Gainesville,* 140 *Ga.* 632 (79 S. E. 543).

■ Finally, it is contended that the plaintiff as the owner of the

surface is entitled to subjacent support, so that the surface will remain intact for agricultural, building, and other uses. Ordinarily an owner of the surface is entitled to such support, either natural or artificial (*Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830, 51 S. E. 666), but such right may be conveyed by the owner of the surface, and in this instance it was conveyed by the deed from B. G. Howard and others to Linderman, to which the plaintiff's title is subject; in other words, the deed expressly granted the right to open, dig into, and remove the surface, in order to mine said minerals. In the circumstances there was no implied right to support of the surface under which the mining operations were being conducted, the right to remove even the surface itself having been conveyed. See, in this connection, Griffin v. Fairmont Coal Co., 59 W. Va. 480 (53 S. E. 24, 2 L. R. A. (N. S.) 1115); Edsall v. Lehigh Valley Coal Co., 32 Pa. Co. Ct. 545; Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592 **(91 Atl. 508)**; Gordon v. Delaware &c. R. Co., 253 Pa. 113 (97 Atl. 1033).

The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur.*