BROWN *et al. v.* MATHIS.

No. 15669.   JANUARY 7, 1947.

742

*C. C. Pittman, Foy & Foy,* and *Brooks Culpepper,* for plaintiffs in error.

*John A. Smith* and *G. C. Thompson,* contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) ■ The general demurrer raises the question of the court's jurisdiction. *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (89 S. E. 680) ; *Coleman* v. *Thomasson,* 160 *Ga.* 81 (127 S. E. 129) ; *Cone* v. *Davis,* 179 *Ga.* 749 (177 S. E. 558). The statute under which the petition is brought (Ga. L. 1945, p. 137) provides in section 1 that the superior courts of the State shall have the power upon petition in cases of actual controversy to declare rights of any interested party petitioning for such declaration, and that such declaration shall have the force and effect of a final judgment or decree. Section 2 of the act empowers the court to maintain the status pending the adjudication of the questions by the grant of an injunction or other interlocutory extraordinary relief. Section 13 of the act declares that its purpose is to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relief. The petition here clearly presents a controversy and one that affects the petitioner's right and title. It alleges a proper case for a declaratory judgment and was not subject to the general demurrer upon this ground. Although the suit is brought in Taylor County and the land involved is in Talbot County, the court was not without jurisdiction under the Constitution (Code, § 2-4302), providing that "Cases respecting titles to land shall be tried in the county where the land lies." This petition seeks cancellation of a reservation in a deed upon the ground that it is a cloud upon the petitioner's title, and this court has held that such a proceeding is in equity and must be tried in the county where the defendant resides as required by the Constitution (Code, § 2-4303). *Saffold* v. *Scottish American Co.,* 98 *Ga.* 785 (27 S. E. 208) ; *Clayton* v. *Stetson,* 101 *Ga.* 634 (28 S. E. 983) ; *Southern Title Guarantee Co.* v. *Lawshe,* 137 *Ga.* 478 (73 S. E. 661) ; *Babson* v. *McEachin,* 147 *Ga.* 143 (93 S. E. 292). The petition was not subject to the general demurrer, and the court did not err in overruling the same.

■ The exception to the dismissal of the amended answer and the exception to the final judgment involve the same legal question and will be dealt with together. Both of these exceptions will be controlled by a construction of the reservation clause in the deed dated January 29, 1914. If that clause is an unqualified reservation of title, then the above exceptions must be sustained. If, on the other hand, it is merely an option, neither exception can be sustained. It is settled law that an exception of an interest in land contained in a deed constitutes an estate in the land. *Houser* v. *Christian,* 108 *Ga.* 469 (34 S. E. 126, 75 Am. St. R. 72); *Davison* v. *Reynolds,* 150 *Ga.* 182 (103 S. E. 248); *Bosworth* v. *Nelson,* 170 *Ga.* 279 (152 S. E. 575); *Jones* v. *Trulock,* 172 *Ga.* 558 (158 S. E. 326). See also *Grant* v. *Haymes,* 164 *Ga.* 371 (138 S. E. 892); *McCaw* v. *Nelson,* 168 *Ga.* 202 (147 S. E. 364). Such an exception in a deed is notice to the grantee and his successors. Code, § 38-114; *Mitchell* v. *Hunt,* 185 *Ga.* 835 (196 S. E. 711); *Brooke* v. *Dellinger,* 193 *Ga.* 66 (17 S. E. 2d, 178). Neither possession of the surface nor non-user of the excepted mineral can forfeit or affect the retained title to the mineral. *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349); *O'Barr* v. *Duncan,* 187 *Ga.* 642 (2 S. E. 2d, 82); *Brooke* v. *Dellinger,* supra. Had the reservation here stopped before including the provision that in the event the sand was moved, 10 cents per car for such sand would be paid to the grantee, his heirs and assigns, the decisions of this court in *Grant* v. *Haymes,* supra, *McCaw* v. *Nelson,* supra, *Bosworth* v. *Nelson,* supra, and *Jones* v. *Trulock,* supra, would require a ruling here that the clause was a reservation of title which was excepted from the grant under the deed and was assignable to the defendants as a corporeal estate or interest in the land. In that event the decision of this court in *Brooke* v. *Dellinger,* supra, would require a ruling here that the court erred in dismissing the amended answer and in rendering judgment declaring that the defendants had no title to the sand. But we are not permitted under the rule of law applicable to construction to thus mutilate a portion of the clause and to ignore the latter part providing for payment. When this portion is considered along with the other portion of the clause it takes on a different meaning. As pointed out in *Grant* v. *Haymes,* supra, under the common law there was a material difference between a reservation in a deed and an exception in a deed,

the latter carrying with it title, while the former implied merely a right to the use or to something to be produced by the land. It was there stated that since under our law a construction requires the ascertainment and giving effect to the intention of the parties the common law distinction between the two terms did not necessarily prevail. In ascertaining the intention of the parties as to the meaning of the reservation clause here under consideration, we consider the clause in its entirety. The first portion of that clause reserving to the grantor, its successors and assigns, the right to mine and remove the sand would under the decisions above cited, if standing alone, show an intention of the parties to reserve without condition the sand. However, in the same clause the parties stipulated that in the event the reserved right to mine and remove is exercised, then the grantee and his heirs and assigns must be paid therefor at the rate of 10 cents per car of sand, thus making it obvious that the parties intended that the reserved right be mainly a privilege and not title to the sand, and that its enjoyment would require payment therefor as stipulated in the latter portion of the clause. For the reasons stated the clause is construed to be less than a reservation of title.

Does the reservation clause meet the legal definition of an option? An option is an agreement conferring upon one a right to buy described property within a fixed period of time and for a stated price. *Black* v. *Maddox,* 104 *Ga.* 157 (30 S. E. 723) ; *Hughes* v. *Holliday,* 149 *Ga.* 147 (99 S. E. 301) ; *Mattox* v. *West,* 194 *Ga.* 310, 314 (21 S. E. 2d, 428). The clause is lacking in one particular, to wit, it contains no time limit within which the option may be exercised. Thus we have an agreement to purchase described sand at a definite price of 10 cents per car with no time limitation, and, hence, a perpetuity. Our Code, § 85-707, inhibits a perpetuity. It is there provided that "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity, and forbids its creation. . ." If this clause, being as it is an option to buy land, is embraced in the limitations referred to in the above Code section, then it is plainly forbidden, since it extends beyond the period of time there stipulated. In *Turner* v. *Peacock,* 153 *Ga.* 870 (113 S. E. 585), this court held

746

that the provision in the deed there involved, which authorized the grantee therein to purchase an additional 50 acres of land at a stated price but fixed no time limit within which the option must be exercised, was void because it violated the rule against perpetuities. From what has been said it follows that the reservation clause was an attempt to reserve to the grantor, its successors and assigns, a perpetual option to purchase the sand on the land described at the price of 10 cents per car, and constituted a direct violation of the rule against perpetuities as stated in Code, § 85-707, and was, therefore, void ab initio as held by the trial court. The defendants have no interest in the sand or land, and their answer claiming the same upon the basis of the reservation clause constitutes no defense, and the court did not err in dismissing the amended answer and entering judgment declaring the reservation clause void and the petitioner the owner in fee simple of the land in question.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents.*