38706.   HAUGHEY *et al.* v. CHAMPION PAPER & FIBRE COMPANY.

Decided April 4, 1961.

*Walton Hardin,* for plaintiffs in error.

*Colley & Orr, Wilbur A. Orr, Jr.,* contra.

FELTON, Chief Judge. The Supreme Court in *Haughey v. Arnold,* 159 Ga. 243 (125 S. E. 451) held that the language in the conveyances in this case gave to the owners of the mineral rights in the land the right to use only so much of the timber on the land as was reasonably necessary to be used in direct connection with mineral operations, and at such times as the same may be required for such uses. Construing the petition most strongly against the plaintiff, it does not allege that the proposed action by the defendants in dealing with the trees and surfaces of said land was not necessary to normal mineral operations on the land. The petition does allege that the defendants contend that their proposed action is necessary in their mining operations and the petition also alleges, and correctly so, that the defendants have a right to the use of the timber "only as may be needed by them to carry on the said mining." We think that this deficiency is fatal to the right of the plaintiff to have a declaration of rights in the premises. Although the case of *Brooke v. Dellinger,* 193

Ga. 66 (17 S. E. 2d 178) involved an action for damages, we think the principle there ruled on is controlling even in a declaratory judgment action. In that case the court held that the action was properly determined on general demurrer because the petition failed to allege that the defendant in conducting mining operations conducted them in a negligent or improper manner, or that the acts complained of were not reasonably necessary to obtain the minerals conveyed. We are inclined to believe that the plaintiff in this case was under the impression that the petition in this case contained the necessary allegations. In view of the fact that the failure by the plaintiff in this case to make the necessary allegations, as indicated above, amounts to an admission that the proposed conduct of the defendants was necessary and proper in their mining operations, it was error for the court to overrule the general demurrer to the petition. The special demurrers are without merit. The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Nichols and Bell, JJ., concur.*