## 31077. KISER et al. v. WARNER ROBINS AIR PARK ESTATES, INC.

JORDAN, Justice.

Warner Robins Air Park Estates, Inc., sought injunctive relief against Oscar J. and Ann M. Kiser, Charles E. and Margaret F. Buckman, and Norman K. and Patricia A. Funk, alleging that the defendants were threatening to fence the southern boundary of an easement owned by the plaintiff which would prevent access to its property lying south of the easement. After hearing evidence, the trial judge granted the injunctive relief sought and Kiser et al. appeal.

The appellee obtained title to the easement from Gottschalk & Gottschalk, Inc. Gottschalk obtained its title from Riley and Lily Buchanan, predecessors in title of the appellants. The deed from the Buchanans to Gottschalk conveyed land which lay mainly north of the property later conveyed to the appellants. This deed conveyed an easement as follows: "Also conveyed is an easement 25 feet in width extending east and west across the southerly boundary of the property retained by grantor." This easement was not contiguous to the property conveyed in the deed except for 25 feet across a strip 50 feet wide which connected property already owned by Gottschalk to the main property conveyed in the deed. For a considerably greater distance the easement was contiguous to property already owned by Gottschalk lying south of the property retained by the Buchanans (now owned by the appellants).

1. The appellants contend that the easement was appurtenant only to the strip of 50 feet, and not to the property owned by Gottschalk (later conveyed to the appellee) at the time the easement was granted.

An appurtenant easement has two tenements, the dominant tenement, to which the right belongs, and the servient tenement, upon which the obligation rests. 25 AmJur2d 425, Easements, § 11. An easement can be used only in connection with the estate to which it is appurtenant. 28 CJS 772, Easements, § 92.

It is not necessary that the grant of an easement accompany the conveyance of the lands forming the

dominant tenement. An easement may be granted appurtenant to property already owned by the grantee. *Stovall v. Coggins Granite Co.,* 116 Ga. 376 (42 SE 723) (1902).

In the construction of instruments creating easements, the court must ascertain and give effect to the intention of the parties. 28 CJS 680, Easements, § 26; *Ga. Power Co. v. Leonard,* 187 Ga. 608, 611 (1 SE2d 579) (1939).

The easement in the deed from the Buchanans to Gottschalk did not specify that it would provide ingress and egress only to and from the property therein conveyed. It was the general grant of an easement in the private driveway. The statement that the easement extended east and west merely described its location. According to the evidence, the strip of 50 feet was an air taxi strip, dangerous for vehicular traffic. The only use of the easement was to provide access from the property already owned by Gottschalk to a public street.

The trial judge did not err in finding that it was the intention of the parties that the dominant estate included the land owned by Gottschalk south of the easement. It was not error to enjoin the appellants from erecting a fence between the easement and the appellee's property on the south of the easement.

2. The appellants assert that the court erred in finding that the easement was without any limitation, and erred in failing to hold that the appellee had forfeited its right to the easement by failure to keep it in repair.

The written contract of sale, entered into prior to the deed granting the easement, described the private driveway here involved and stated: "Second party has the right of ingress and egress over said private driveway provided it maintains same to prevent dust and potholes." The deed executed pursuant to the contract of sale stated that its execution did not constitute a merger with the contract.

While the deed of Gottschalk to the appellee granted the easement without any limitation, Gottschalk could not free the easement from any conditions attached to the grant to it.

The appellants contend that the contract created a

condition subsequent, and that the failure to maintain the easement resulted in a forfeiture.

The breach of a condition subsequent may destroy the party's right under the contract, or may give a right to damages to the other party. Code § 20-110. Equity seeks to relieve against forfeitures where the rules of construction will allow. Code §§ 37-216, 85-902.

The words in the contract creating a condition subsequent do not provide for a forfeiture of the easement on failure of performance of the condition. They specify a duty on the owner of the dominant estate to keep the easement in repair, which is ordinarily his duty without agreement where the easement is used for the benefit of the dominant estate alone. 28 CJS 773, Easements, § 94 (a).

The trial judge incorrectly held that the easement had no conditions, but did not err in holding that it had not been forfeited by failure of maintenance. Since no damages were claimed by the appellants, it is unnecessary to consider whether the evidence showed that the appellee had failed in its duty to keep the easement in repair.

3. The appellants contend that the court erred in enjoining them "from interfering in any manner with the use of said easement . . . " They urge that this language would prevent them from using the portion of their property on which the easement is located, and that it would allow an unreasonable use by the appellee of the easement.

The appellants correctly assert that there remains in them as owners of the servient tenement "the right of full dominion and use of the land, except so far as a limitation thereof is essential to the reasonable enjoyment of the easement granted." *Ga. Power Co. v. Leonard,* 187 Ga. 608, 611, supra; *Folk v. Meyerhardt Lodge,* 218 Ga. 248, 249 (127 SE2d 298) (1962). We do not construe the judge's order to divest them of this dominion.

The grant of the easement created a right in the appellee to use it for all *reasonable* purposes in connection with the dominant tenement. The judge's order was unduly broad, and we direct that he modify this language to enjoin the appellants from interfering in any manner

with the *reasonable* use of the easement.

4. The appellants contend that the court erred in ordering that the appellee's title to the easement be "quieted against all claims, demands or pretentions of" the appellants.

Since it is the appellee's title to the easement only that is dealt with in this portion of the order, it does not interfere with the appellants' rights in their property.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED MAY 10, 1976 — DECIDED
SEPTEMBER 7, 1976.

*Nunn, Geiger, Rampey, Buice & Harrington, David M. Pierce,* for appellants.

*Aultman, Hulbert, Cowart & Daniel, Tom W. Daniel, Pamela M. Richards,* for appellee.