31131. SLADE et al. v. RUDMAN RESOURCES, INC. et al.

JORDAN, Justice.

This case presents several questions of first impression in this state involving the rights of co-tenants with regard to mineral interests.

The relevant facts, which are undisputed, are as follows: In 1943, C. C. Stebbins, being the fee simple owner of the land in question, conveyed a one-half undivided interest in the land to Paul J. Varner. In 1944 C. C. Stebbins, then being the owner of a one-half undivided interest in the subject property, conveyed an undivided one-half interest in the oil, gas, and other minerals on or under the subject property to C. W. Smith; Thereafter, in 1948, C. C. Stebbins conveyed his remaining one-half undivided interest in the surface estate to Paul J. Varner. Appellants are the successors in interest to Paul J. Varner. Appellees are successors in interest to C. W. Smith.

Appellants brought this action seeking a decree that

appellees, as owners of an undivided one-half interest in the mineral estate, have no rights of ingress, egress, possession, or use in or to the subject real property without the consent of appellants. The lower court granted summary judgment to the appellees and the appellants have brought this appeal.

The 1944 deed from C. C. Stebbins to C. W. Smith, contained the following language: "To have and to hold the said undivided interest in all of the said oil, gas and other minerals in, on and under said land, together with all and singular the rights and appurtenances thereto in any wise belonging, with the right of ingress and egress, and possession at all times for the purpose of mining, drilling and operating for said minerals and the maintenance of facilities and means necessary or convenient for producing, treating and transporting such minerals and for housing and boarding employees, unto said grantee, his heirs, successors and assigns, forever. . ." Appellants maintain that, by this language, the deed conveyed an easement to C. W. Smith, and that, under the law in Georgia, a co-tenant cannot grant an easement without the consent of all the other co-tenants. Appellant's statement of the law is correct. See *Charleston & W. C. R. Co. v. Fleming,* 118 Ga. 699, 702 (45 SE 664) (1903). However, we do not believe that this principle of law is applicable to the instant case.

It is established law in this state that a grant of minerals conveys, by implication, the rights of ingress and egress, and possession of the surface necessary to the use and enjoyment of the estate conveyed. *Davison v. Reynolds,* 150 Ga. 182 (103 SE 248) (1920). This right is, of course, counterbalanced by the right of the surface owner to subjacent support of his land. *Collinsville Granite Co. v. Phillips,* 123 Ga. 830 (51 SE 666) (1905).

The question here is whether this same rule applies to grants made by a co-tenant without the consent of the other co-tenants. First of all, we recognize that the implied rights of ingress and egress which follow a conveyance of the mineral estate stem from the familiar maxim, "One who grants a thing is deemed also to grant that within his ownership without which the grant itself will be of no effect." *Davison v. Reynolds,* supra, at 185,

quoting from *Muscogee Mfg. Co. v. Eagle & Phenix Mills,* 126 Ga. 210 (8), 225 (54 SE 1028) (1906). The question which therefore arises is whether a co-tenant has the right to go on the land and mine the minerals he finds without the consent of all co-tenants. This is a question of first impression in this state. Code Ann. § 85-1003 provides that: "Every tenant in common shall have the right to possess the joint property, and as long as he occupies no greater portion of it than his own share would be on division, and does not withdraw from it any of its essential value, *such as mineral deposits,* he shall not be liable to account for rent to his co-tenant." (Emphasis supplied.) This statute, by negative implication, appears to recognize the right of a co-tenant to extract minerals from the common estate so long as an accounting is given.

Furthermore, a survey of other jurisdictions convinces us that the weight of authority is in favor of the co-tenant's right to extract minerals, subject to an accounting. See 1A Thompson on Real Property, p. 128, § 178 (J. Grimes Ed. 1964); 38 AmJur2d 488, Gas and Oil, § 10 (1968); Annot., 40 ALR 1400; Annot. 91 ALR 205. Our neighboring State of Florida recently recognized this principle in P & N Investment Corp. v. Florida Ranchettes, Inc., 220 S2d 451 (Fla. App. 1969). There it was held that the owner of a one-half undivided interest in the mineral estate only, had the right to extract oil from the property without the consent of the party who was the owner of the entire surface estate and the remaining one-half undivided interest in the mineral estate.

We adopt the prevailing rule because it makes sense. Co-tenants have the right to share in the profits of the common property, according to their respective interests. Code Ann. § 85-1003.

Because a co-tenant has, himself, the right to enter and mine the common property, without the consent of his co-tenants, but subject to his accounting to the other co-tenants for their respective shares, we hold that this right is conveyed, by necessary implication, when such a co-tenant conveys his undivided interest in the minerals on or under the common property.

Therefore, the language in the deed to C. W. Smith, quoted above, to the extent that it grants to the holder the

rights of ingress and egress and possession reasonably necessary to the enjoyment of the mineral estate granted, is merely surplusage.

The judgment of the court below was that appellees have "the right of ingress and egress to and upon the subject realty for purposes of extracting or exploring for said oil, gas and other minerals, which said right of ingress and egress is not any way subject to or limited by consent or lack of consent" of the appellants. We find no error in this judgment.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hall, JJ., who dissent.*

SUBMITTED MAY 17, 1976 — DECIDED NOVEMBER 2, 1976.

*Fendig, Dickey, Fendig & Whelchel, T. J. Dickey,* for appellants.

*James M. Thomas, Herndon, Girand & Dooley, William C. Herndon, W. N. Little, C. C. Stebbins, Jr., H. Cliff Hatcher, Charles D. Robert, Arthur K. Bolton, Attorney General,* for appellees.