A90A1524. MORGAN et al. v. GEORGIA VITRIFIED BRICK & CLAY COMPANY.
(397 SE2d 49)

BEASLEY, Judge.

The plaintiffs Morgan and Gibson sued for damages arising from the defendant's mining of certain real property. They appeal dismissal of their complaint for failure to state a claim, OCGA § 9-11-12 (b) (6).

The pleadings establish that T. L. Morgan and Gibson owned approximately 1.49 acres of land in Richmond County concerning which

a 1943 federal court order awarded to defendant company the rights to "take all deposits of kaolin, shale and other underlying minerals," to "explore and exploit such deposits," and to "use the surface . . . for that purpose together with the right of ingress and egress." In actively mining the property, defendant excavated portions of the top soil and overburden away from the land and removed kaolin and other minerals, with resulting depressions and irregular terrain.

Plaintiffs alleged that the property left in such condition had a present market value of $100, but that had defendant not "wrongfully altered the surface and terrain of the property and removed the top soil and the overburden . . . so as to destroy the value of the property," the present market value would have been $27,500, total damages being $490,000.

The trial court concluded that state law regarding implicit rights of a fee simple mineral rights owner were clear and as stated in *Brooke v. Dellinger*, 193 Ga. 66 (17 SE2d 178) (1941). It reasoned that under *Brooke* plaintiffs' complaint did not assert a cause of action but merely alleged that defendant should be liable for actions which were inherent and implicit in its mineral rights.

1. " 'When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim for which relief may be granted, "the . . . rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. Not unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts should the complaint be dismissed." [Cits.]' [Cit.]" *Storm Systems v. Kidd*, 157 Ga. App. 527, 528 (3) (278 SE2d 109) (1981); OCGA § 9-11-12 (b) (6). Wilson's and Gibson's complaint should not have been dismissed.

*Brooke*, supra at 67 (headnote 2), as quoted by the trial court, provides that "[w]here the owners of . . . minerals and mineral rights in conducting their mining operations removed soil, dirt, and timber away from the tract of land as to which such minerals and mineral rights were conveyed, the owner of the surface could not recover damages for such removal, in the absence of any averment to show that the mining operations were conducted in a negligent or improper manner, or that the acts complained of were not reasonably necessary to obtain the minerals conveyed." Here, the complaint expressly alleged that defendant had "wrongfully altered" the mined terrain, "creating deep ditches, steep cliffs and rough terrain thereby completely changing the surface and terrain. . . ." Tacit in such averments is the claim that defendant's actions were not reasonably necessary to the conduct of the mining operations.

Secondly, while "[i]t is established law in this state that a grant of minerals conveys, by implication, the rights of ingress and egress,

and possession of the surface necessary to the use and enjoyment of the estate conveyed, [cit.] [t]his right is, of course, counterbalanced by the right of the surface owner to subjacent support of his land. [Cit.]" *Slade v. Rudman Resources*, 237 Ga. 848, 849 (230 SE2d 284) (1976). As to the surface owner, "the excavation and removal of dirt . . . is a tort, unless authorized by a contract." *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 149 (281 SE2d 586) (1981). The pleadings put at issue whether the court decree granting defendant the mineral rights permitted the removal of top soil or overburden from the land. Resolution of this issue and of whether tortious conduct occurred became matters of evidence and proof; these precluded dismissal for failure to state a claim.

2. The decision in Division 1 makes it unnecessary to address appellants' other enumeration of error.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Jolles & Slaby, Isaac S. Jolles*, for appellants.
*Dye, Miller, Tucker & Everitt, A. Zachery Everitt*, for appellee.