S90A1268. JAKOBSEN v. COLONIAL PIPELINE COMPANY et al.

(397 SE2d 435)

CLARKE, Chief Justice.

In 1988, appellant Jakobsen acquired real property in DeKalb County which was subject to four partially overlapping petroleum pipeline easements of appellees Colonial Pipeline Company (Colonial) and Plantation Pipeline Company (Plantation). In the latter part of 1989, Colonial and Plantation cut the timber on these easements under the authority of a court order. After the trial court entered this order, the United States Department of Transportation notified appellees that they were in "probable violation" of pipeline safety regulations, 49 CFR Part 195 et seq., in that 12 miles of right-of-way, including that over the subject property, is overgrown with "trees and brush [which] obscure the right of way to the extent that [appellees'] aerial patrolling is ineffective in determining the surface conditions on or adjacent to the right of way."

Subsequently appellees gave notice to Jakobsen of their intention to "side-cut" trees and brush adjacent to the easements so that the easements would be clearly visible from the air. Jakobsen then brought this action for declaratory judgment, seeking a permanent injunction against the side-cutting, or alternatively, monetary damages. Thereafter appellees filed an application for interlocutory injunction, seeking to prevent Jakobsen from interfering with the side-cutting.

The trial court found that appellees have used aerial patrols to inspect their pipelines, including those on Jakobsen's property, since 1949. The trial court found that together the appellees operate more than 8,000 miles of pipeline, and that ground inspection would therefore not be practical, and would also interfere with the property rights of the owners of the land. The trial court further found that federal regulations require appellees to inspect the surface conditions of their pipeline easements at least 26 times per year, making ground inspection virtually impossible.

The easements in question give appellees the right to "maintain, operate, alter, repair, remove and replace" the pipes, the right to "cut

timber," and the "right to do whatever may be requisite for the enjoyment of the rights" contained in the easements. The trial court concluded that these rights include "side-cutting" of timber so that an aerial inspection of the property may be made. The trial court then entered an order granting the appellees the permanent right to side-cut timber along the easements. The issue of monetary damages is not before us.

1. Jakobsen first argues that the trial court erred in awarding permanent relief in an order granting the interlocutory injunction. However, because Jakobsen had notice of the possible effects of the interlocutory injunction and did not object, the trial court did not err in determining the issues on the merits. *Georgia Kraft Co. v. Rhodes*, 257 Ga. 469 (1) (360 SE2d 595) (1987). Further, Jakobsen requested the grant of permanent relief in his complaint, and was the only party who failed to submit proposed findings of fact and conclusions of law as advised by the trial court.

2. Jakobsen next argues that the trial court erred in determining that the easements grant the right to side-cut trees.

The construction, interpretation and legal effect of a contract such as an easement are issues for the court to decide. Id. at 472. The grant of an easement impliedly includes the authority to do those things which are reasonably necessary for the enjoyment of the things granted. *Brooke v. Dellinger*, 193 Ga. 66 (17 SE2d 178) (1941). The easements in this case authorize the appellees to "maintain, operate, alter and repair" the pipelines, "cut timber," and to "do whatever may be requisite for the enjoyment of the rights" contained in the easements. The trial court concluded that the easements impliedly include the right to side-trim trees so that the appellees might aerially inspect the pipelines to determine whether they are in need of maintenance, repair, or are otherwise a public hazard. We agree.

We do not construe the trial court's order to authorize the removal of trees growing outside the easement area. It only allows the trimming of the portions of the trees extending over the easement area.

The right to inspect the pipelines is so tied to the rights under the easements to operate and maintain the pipelines that it cannot be severed from them. Where an easement is granted without limitations on its use, the grantee is entitled to avail himself of other reasonable uses which develop over time if such uses significantly relate to the object for which the easement was granted. 28 CJS 767, Easements, § 87.

Additionally, the right to patrol and inspect easements in the most expeditious manner possible has been recognized. 61 AmJur2d 600, Pipelines, § 31; Restatement of Property, § 484. We conclude, therefore, that the trial court did not err in determining that appel-

lees have the right to side-cut the trees in question.

3. Contrary to Jakobsen's assertions, the evidence does not support a conclusion that appellees have abandoned their rights in the easements.

> The owner of an easement arising from a grant, express or implied, does not lose his easement by mere nonuser, and nonuser without other evidence of intent to abandon will not constitute abandonment.

*Smith v. Gwinnett County*, 248 Ga. 882, 884 (286 SE2d 739) (1982). The trial court found, and the record shows, that the easements have been continuously used from the time of their grant, and that appellees have inspected the pipelines by aerial patrol since 1949. The mere delay in exercising the right of side-cutting under the easements did not amount to an abandonment of the right. *Westbrook v. Comer*, 197 Ga. 433 (5) (29 SE2d 574) (1944).

4. Last, Jakobsen argues that the trial court erred in excluding from evidence a memorandum which an attorney in the employ of Colonial sent to another Colonial employee. Jakobsen argues that this memorandum was offered to show that Colonial believes it has waived its right to side-cut older trees under the easements, and also indicates Colonial believes that it may be subject to laches in this action.

All parties have extensively argued the issue of whether this memorandum is protected by the attorney-client privilege. However, we find it unnecessary to reach the issue of whether the privilege applies because we find that as a matter of law Colonial has not waived the right to side-cut trees under the easements, nor is it subject to laches for failing to side-cut trees before now. See Division 3, supra. As such, any error in refusing to admit this document in evidence would be harmless.

*Judgment affirmed. Clarke, C. J., Smith, P. J., Bell, J., and Judge Watson L. White concur; Hunt, Benham and Fletcher, JJ., dissent; Weltner, J., not participating.*

HUNT, Justice, dissenting.

The first rule of construction in examining the scope of an easement is to look to the intent of the parties. *Kiser v. Warner Robins &c. Estates*, 237 Ga. 385, 386 (1) (228 SE2d 795) (1976). It is uncontroverted that at the time the easements were created the parties' predecessors in title did not intend that the pipeline easements would include the right to side-trim trees outside the easement. Aerial inspection of the easements did not begin until some years after the easements were created. However, the majority affirms the trial court's findings that the easements in question *imply* the right to

side-trim vegetation outside the easement. Grants by implication are not favored in the law. Pindar, § 8-14 Georgia Real Estate Law & Procedure, 3d ed., p. 367. Thus, the pipeline companies can only be said to have an easement which includes rights outside the express terms of the easement, including, in this case, the right to side-trim trees and vegetation *outside the easement,* only if those rights can be deemed *necessary* to the enjoyment of the easement.

"It is established law in this State, and generally, that nothing passes as an incident to the grant of an easement *but what is requisite to its fair enjoyment.* Notwithstanding such a grant, there remains in the grantor the right of full dominion and use of the land, and *except so far as the limitation thereof is essential to the reasonable enjoyment of the easement granted.*" [Cit.] (Emphasis supplied.)

*Folk v. Meyerhardt Lodge,* 218 Ga. 248, 249 (127 SE2d 298) (1962). This is consistent with the language of the easements in this case which allow the companies to "do whatever may be *requisite* for the enjoyment of the rights" contained in the easements, but different from the majority's standard of "reasonable necessity," taken from *Brooke v. Dellinger,* 193 Ga. 66 (17 SE2d 178) (1941). The "reasonably necessary" language as used in that case was derived from the particular easements under consideration. Our law allows implied rights only as to what is *absolutely necessary* for the enjoyment of an express easement. "This rule is based upon the principle that when one grants a thing, he is deemed also to grant that within his ownership without which the grant itself will be of no effect." (Emphasis supplied.) *Jones v. Mauldin,* 208 Ga. 14, 16 (1a) (64 SE2d 452) (1951).

The record reflects, and the trial court found, that it is more efficient for the pipeline companies to inspect, and, accordingly, to maintain, the thousands of miles of their rights-of-way by air, rather than by other means. This finding does not amount to an absolute necessity for the enjoyment of the express rights contained in the easements and does not justify the irreparable destruction of vegetation *outside* the boundaries of the easements, on property located in an urban area where vegetation is at a premium. (The trial court's finding was made notwithstanding Colonial Pipeline's own policy authorizing inspections in highly congested areas by air *or* ground, within the discretion of the company's management.)

Accordingly, I dissent. I am authorized to state that Justice Benham and Justice Fletcher join in this dissent.

DECIDED NOVEMBER 8, 1990 —
RECONSIDERATION DENIED NOVEMBER 28, 1990.

*Bedford, Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker*, for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, Robert L. Todd, Henry D. Fellows, Jr., Edward T. Floyd, Ross Arnold, Gary L. Glancz*, for appellees.